### (June 15, 1939.)

In the Matter of the Liquidation of NEW YORK TITLE AND MORTGAGE COMPANY.

In the Matter of Plan for Reorganization of Series C-2.

In the Matter of Plan for Reorganization of Series F-1.

In the Matter of Plan for Reorganization of Series B-K.

COMMITTEE OF STOCKHOLDERS OF NEW YORK TITLE AND MORTGAGE COMPANY, etc., Appellant; GOLDEN HILL BUILDING CORPORATION, a Stockholder, Appellant; LOUIS H. PINK, Superintendent of Insurance, as Liquidator of NEW YORK TITLE AND MORTGAGE COMPANY, and Others, Respondents.

PER CURIAM. The opinion of this court (In the Matter of the Liquidation of New York Title and Mortgage Company; In the Matter of Plan for Reorganization of Series C-2; In the Matter of Plan for Reorganization of Series F-1; In the Matter of Plan for Reorganization of Series B-K, decided May 5, 1939; *Matter of New York Title & Mortgage Co.*, 257 App. Div. 19) indicated that the value of the mortgages securing the certificate holders must be fixed before the question of settlement could properly be passed upon by the court. The orders heretofore entered carry out the direction for such valuation and by reason of a provision in the order of Special Term, which was not modified by this court, the final disposition

of the Superintendent's application to approve the settlements was held in abeyance pending the coming in of the referee's report. We see no necessity of any further order under the circumstances. The order now proposed by the Superintendent of Insurance would limit the hearing of claims as such by the referee to Certificates B-K and limit the hearing concerning F-1 and C-2 to approval or disapproval of the proposed settlements. We have already indicated, contrary to this proposal, that the fixation of the value of the mortgages in all series is essential to a proper disposition of these matters. It is not inconsistent with the order that the referee in his report may make such recommendations as he deems proper concerning the advisability of the settlements after having fixed such values. When the mortgages have been valued, the Special Term may then determine all questions raised including the legality and advisability of approving the settlements.

The motion to resettle the order should be denied.

Present — O'Malley, Townley, Dore and Callahan, JJ.

Motion denied.