## GEORGE CONOVER

### v.

## WEST JERSEY MORTGAGE COMPANY.

[Decided December 16th, 1916.]

1. The proper course of procedure upon application of a receiver to punish for contempt under section 71 of the Corporation act (Revision of 1896), *Comp. Stat. p. 1647*, is to allow an order to show cause if the facts set forth in the receiver's report warrant it.

2. Upon an examination under section 71 of the Corporation act, a witness may not decline to be sworn upon the ground that the evidence sought to be adduced is incriminatory. He may, as the questions are put, assert his privilege of protection and give his reason for invoking it.

3. Section 71 of the Corporation act is not in conflict with the due process clause of the fourteenth amendment of the constitution of the United States.

4. Upon an examination under section 71 of the Corporation act, a receiver may exclude from the room any person who is to be examined as a witness.

5. Persons, whether interested or not, have no right to obtain copies of the testimony taken before a receiver under section 71 of the Corporation act.

On report and petition of receiver praying an adjudication of contempt and punishment therefor against certain persons.

*Mr. Harvey F. Carr,* for the receiver.

*Mr. Clarence L. Cole,* for the accused.

WALKER, CHANCELLOR.

The receiver of the West Jersey Mortgage Company appointed under the Corporation act (Revision of 1896), *Comp. Stat. p. 1592,* presents a report and petition to this court, setting forth that under section 71, page 1647, he caused summons to be served upon Carlton Godfrey, Herman M. Sypherd, Frederick C. Robbins, John W. Hackney and Raymond P. Read, all

directors or officers of the corporation, requiring them to appear before him and testify concerning its affairs; that the respondents appeared, but upon advice of counsel refused to be sworn. Notice of this application was given by the receiver to the recusant witnesses. They appeared and objected to any order upon the grounds, first, that the notice was inefficacious to compel them to defend against a charge of contempt, that it was not process; second, that section 71 of the Corporation act, *supra,* is in conflict with the provisions of the fourteenth amendment of the constitution of the United States, in that it denies to the respondents due process of law, for the reason that the statute does not in terms provide for a hearing before an adjudication of contempt; third, because the respondents might be compelled to incriminate themselves.

The first objection is certainly valid. The notice must be directed to be given by the court—must emanate from the court; in other words, must be process. It cannot originate with the parties; they cannot put the proceedings *en train* of their own volition—the court only may do that upon a proper showing made.

The section of the statute under consideration has been in force approximately eighty-seven years. It has received consideration in but two cases cited by counsel. The first one is *Smith* v. *Trenton Delaware Falls Co., 4 N. J. Eq. 505,* in which the chancellor, referring to the statute, said (at *p. 509*) :

"Under the act the receivers have due authority to compel any person to disclose any knowledge he may possess respecting the affairs and transactions of the company; and the complainant, on proper application to the receivers, could have had such disclosure."

Here is an adjudication in this court made in 1845 that the power existed in receivers, under legislative sanction, to send for persons and compel a disclosure by them on oath or affirmation (which the receiver may administer) respecting the affairs and transactions of an insolvent corporation. The question in that case was as to whether a judgment creditor of the defendant company could have a discovery concerning its assets after the company had been declared insolvent on a bill filed for that pur-

pose and receivers appointed, and it was held that a discovery could only properly be had in the insolvency proceedings. This adjudication of the chancellor just adverted to appears to have remained unchallenged during all the succeeding years, although innumerable proceedings of the kind in question have been had by receivers under the act. This is common knowledge.

The second case is *Fidelity and Casualty Co.* v. *McAfee Company, 72 N. J. Eq. 279,* in which Vice-Chancellor Garrison held that a summons issued under the statute was of no effect outside of the state.

In the administration of the affairs of insolvent corporations, it is essential that such powers as are here questioned should be vested either in the administrator or in some tribunal. The legislature has deemed it wise to vest the power of examination in the receiver.

The due process clause of the fourteenth amendment to the constitution of the United States does not require any particular form of process. It is sufficient that there be accorded, before final judgment, an opportunity to be heard. *Davidson* v. *Administrators of New Orleans, 96 U. S. 97; 24 L. Ed. 616.*

The statute vests this court with jurisdiction to punish for contempt, and it follows that the procedure must be according to the course and practice of the court.

It is not necessary that the legislature, when jurisdiction is vested in a court of general jurisdiction, shall specifically provide for the steps which will amount to notice. *6 R. C. L. § 452,* and cases. The proper and necessary procedure upon applications of this nature is for the receiver to obtain an order to show cause, and upon the return of that order, the respondent will be given an opportunity to be heard. That is all that the federal constitution requires. See *Con. Ren. Co.* v. *Vermont, 207 U. S. 541; 52 L. Ed. 327.*

The respondents before the receiver attempted to raise *in limine* the question as to whether or not they were compelled to incriminate themselves. The protection against self-incrimination is the privilege of a witness and cannot be asserted by him until the question is put. He then may be compelled to give his reason, so that the court may judge whether the protection

claimed is valid. *Fries* v. *Brugler, 12 N. J. Law 79; '40 Cyc. 2550.* While the examination by the receiver is not in the presence of the court, a witness is, nevertheless, protected in this regard; because, upon the question put which would tend to incriminate him, he could refuse to answer and the receiver would then be obliged to have recourse to the court to compel an answer, which would not be done except in a proper case, and, therefore, before submitting to answer, the witness would have the benefit of the court's protection just as though the examination had taken place in its presence.

While this proceeding was pending the receiver summoned witnesses before him under section 71, *supra,* other than those concerning whom this proceeding was undertaken. One of the respondents here presented himself at that proposed examination as an auditor, and the receiver excluded him from the room upon the ground that he was to be examined as a witness. This the receiver had a right to do; and, considering the nature of the proceedings, he doubtless has a right to exclude all other persons. It is a matter of discretion for courts to exclude witnesses pending an examination, so that they will not hear the testimony given by other witnesses. The receiver was acting as the arm of the court and had at least *quasi*-judicial capacity.

The respondents in this proceeding have applied for an order compelling the receiver to furnish them with a copy of the testimony given by any witnesses before him in proceedings under the section mentioned, upon their request therefor and proper compensation made. To this they are not entitled.

The proceeding is statutory, and, without any provision entitling persons to obtain copies of the testimony taken before the receiver, they cannot have it. This is not like the case of depositions taken *de bene esse* under the Evidence act, which provides (*Comp. Stat. p. 2236 § 54*) that the parties to the action, at their cost, shall be entitled to copies of depositions as soon as they are filed in the clerk's office. The examination of witnesses by a receiver is a proceeding to inform him of the affairs of the insolvent corporation, so that he may better discharge his duties in the way of bringing or defending suits, or otherwise, and the beneficent purpose of the act might be entirely frustrated if par-

ties, whether interested or not, could obtain copies of the testimony taken by a receiver for the purposes mentioned. Besides, the depositions, so taken, are not made files of the court.

The adjudication of contempt against the respondents asked for by the receiver must be denied; also their right to have copies of any testimony taken before him. This will be without prejudice to the receiver applying for an order to show cause upon the respondents as to why they should not be adjudged in contempt and committed under the provisions of the act until they shall submit to be examined and pay the costs of the contempt proceedings.