85 N.J. Super. 567 (1964)
205 A.2d 466
JOSEPHINE M. CAPARELLA AND JOSEPH CAPARELLA, PLAINTIFFS-APPELLANTS,
v.
WILLIAM BENNETT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 7, 1964.
Decided December 17, 1964.
*568 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. John Francis Cannon argued the cause for appellants.
Mr. Jack DiNola argued the cause for respondent.
The opinion of the court was delivered by SULLIVAN, J.A.D.
Plaintiffs appeal from a judgment in favor of defendant entered upon a jury verdict of no cause for action.
Plaintiffs, husband and wife, were tenants in a multi-family residence owned by defendant who also occupied an apartment therein. The premises included a parking area used by the tenants and the owner. Plaintiffs contend that on Sunday morning, October 29, 1961, at about 7:45 A.M. they left their apartment to go to church. While walking across the rear of the premises to reach the parking area where their automobile was parked, Mrs. Caparella remembered that she did not have her kerchief with her. As she turned to return to the apartment, she slipped and fell on wet leaves and was injured. She filed the instant suit against defendant for damages alleging that defendant, through neglect, had created a dangerous condition. Her husband joined in the suit per quod. Defendant's answer pleaded a general denial of all of the allegations of the complaint except the fact of defendant's ownership of the property and set up as separate defenses negligence, contributory negligence, and assumption of risk on the part of Mrs. *569 Caparella. Interrogatories were served on defendant as to the separate defenses. The interrogatories and defendant's answers thereto are as follows:
"11. Q. State in detail, facts, not legal conclusions, constituting negligence on the part of the plaintiff herein.
A. Plaintiff was negligent in that she was fully aware of the condition of the pavement and assumed the risk of traversing said portion of the sidewalk.
* * * * * * * *
13. Q. State factually in what way plaintiff failed to exercise reasonable and prudent care for her own safety.
A. Plaintiff was fully aware of the condition of the pavement as she had traversed said pavement daily for a considerable period of time, and she assumed the risk incidental to her use of the premises.
14. Q. State factually what omissions by the plaintiff resulted in the sole and approximate cause of the accident.
A. See No. 11 and No. 13."
Thereafter a pretrial conference was had and a pretrial order prepared. (The conference antedated the recent change in the rules governing the pretrial order.) In said order plaintiffs' factual contentions as to the happening of the accident are as heretofore stated. Defendant's factual contentions as set forth in said order are as follows:
"3. This defendant admits ownership of the premises located at No. 1584 Parkside Avenue, Ewing Township, New Jersey. Defendant denies negligence and puts plaintiffs to their proof in all respects thereto. He asserts affirmative defenses of contributory negligence, assumption of risk and unavoidable accident.
Specifically, but without limitation, defendant says that the condition complained of by the plaintiffs was brought about by natural causes."
When the case came on for trial, counsel for defendant in his opening to the jury stated that he had two witnesses "who are going to testify that the accident happened at 2:00 A.M." However, he did not outline any details of the alleged 2 A.M. incident. Counsel for plaintiffs immediately claimed surprise but reserved formal objection until such time as testimony was offered.
*570 Plaintiffs' proofs supported their factual contentions as set forth in the pretrial order.
After plaintiffs had rested their case, defendant took the stand and testified as follows: On Saturday night at about 11:10 P.M. he and a Mrs. Koch left the premises in Mrs. Koch's car to get a sandwich. They then took a drive from which they returned at about 2 A.M., and had just backed the car into the parking area when plaintiffs' automobile pulled into the driveway. Defendant could see that Mr. Caparella was driving but was unable to see anyone else in the car. Defendant spoke to Mr. Caparella and said, "What are you doing, travelling alone?" to which he replied, "I got the old lady in the back seat." Mr. Caparella then opened the back door of the car and helped his wife out. She said, "Let me alone, I'm all right." With that she lost her balance and fell. Her husband helped her up and she repeatedly said, "Let me alone, I'm all right." After she got to the sidewalk she fell again, and her husband picked her up and helped her into the house. Defendant said that he did not get out of the car to render assistance to Mr. Caparella. Mrs. Koch testified in corroboration of defendant's version. (In answer to interrogatories propounded by plaintiffs, the names and addresses of Mr. Bennett and Mrs. Koch had been given as proposed witnesses for defendant.)
When defendant began to testify to the foregoing, plaintiffs' counsel promptly claimed surprise and objected to the testimony on the grounds that defendant's answers to interrogatories had not disclosed this version of the accident, nor was it set forth in defendant's factual contentions in the pretrial order. However, the trial judge allowed the testimony to be presented to the jury, holding that defendant had denied generally plaintiffs' factual contentions and that this evidence merely created a factual dispute as to how the accident really happened.
After the jury verdict of no cause for action, plaintiffs moved for a new trial, one of the grounds being that the trial court had erred in permitting defendant to present factual *571 proof contrary to the factual issue as framed in the pretrial order. The motion was denied, the trial court holding that even if the evidence had been improvidently admitted, no prejudice to plaintiffs had resulted. The court also noted that such evidence was not necessarily inconsistent with plaintiffs' contention that the fall resulting in injury occurred at 7:45 A.M., and would be admissible to show knowledge of a dangerous condition.
The judgment must be reversed and the matter remanded for a new trial.
Our present procedures for discovery and pretrial are designed to eliminate the element of surprise at trial by requiring a litigant to disclose the facts upon which a cause of action or defense is based. The search for truth in aid of justice is paramount, and concealment and surprise will not be tolerated. In Lang v. Morgan's Home Equipment Corp., 6 N.J. 333, 338 (1951), the late Chief Justice Vanderbilt emphasized the importance of full disclosure of all relevant facts in advance of trial by saying:
"* * * Our rules for discovery * * * are designed to insure that the outcome of litigation in this State shall depend on its merits in the light of all of the available facts, rather than on the craftiness of the parties or the guile of their counsel."
See also Interchemical Corp. v. Uncas Printing & Finishing Co., 39 N.J. Super. 318, 325 (App. Div. 1956); Polulich v. J.G. Schmidt Tool, Die & Stamping Co., 46 N.J. Super. 135, 144 (Cty. Ct. 1957); Schnitzer and Wildstein, New Jersey Rules Service, A IV-415 to 420.
In the instant case, although served with interrogatories to detail the facts upon which the defenses of Mrs. Caparella's negligence and contributory negligence rested, defendant deliberately withheld and concealed his factual contention that the fall really occurred while Mrs. Caparella was returning home at 2 A.M., apparently in an intoxicated condition. Indeed, this version was revealed for the first time after plaintiffs had rested their case.
*572 The potentiality of prejudice to plaintiffs is real. Had they known of this contention they could have deposed defendant and Mrs. Koch and investigated the details of their story. Also they would have had an opportunity to buttress Mrs. Caparella's rebuttal testimony that in fact she had remained at home that Saturday evening.
It is to be noted that at the time the pretrial order herein was executed, R.R. 4:29-1(b)(3) provided that a pretrial order shall recite specifically "The factual contention of the defendant as to nonliability and affirmative defense." The order herein simply did not comply with such requirement.
As to the contention that the evidence was properly admissible to show knowledge on the part of Mrs. Caparella of the condition of the area, it is clear that such was not the real purpose of the testimony. Counsel for defendant in his opening to the jury said that he had two witnesses who were going to testify "that this accident happened at 2:00 A.M."
On the remand, the answers to interrogatories furnished by defendant are to be amended to state the facts on which defendant intends to rely to show Mrs. Caparella's negligence and contributory negligence. The pretrial order must also be amended to set forth defendant's factual contentions as to the happening of the accident.
Reversed and remanded.