88 N.J. Super. 238 (1965)
211 A.2d 809
LORAN F. CEDERLUND, PLAINTIFF,
v.
HUB LOAN COMPANY, A NEW JERSEY CORPORATION, DEFENDANT. ARTHUR L. DICKSON, RECEIVER OF HUB LOAN COMPANY, PLAINTIFF-APPELLANT,
v.
LORAN F. CEDERLUND AND FRANCES T. ZENKER, DEFENDANTS-RESPONDENTS. ANCHORAGE MORTGAGE CORPORATION, CLAIMANT-APPELLANT,
v.
ARTHUR L. DICKSON, RECEIVER OF HUB LOAN COMPANY, A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 10, 1965.
Decided June 30, 1965.
*239 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. Joseph Schoenholz argued the cause for appellant Anchorage Mortgage Corporation.
*240 Mr. Robert J. Brady argued the cause for Arthur L. Dickson, receiver of Hub Loan Company (Messrs. Dickson & Creighton, attorneys).
Mr. Harold J. Brown argued the cause for respondent Loran F. Cederlund (Messrs. Joyce & Brown, attorneys).
Mr. Warren Dixon, Jr. argued the cause for respondent Frances T. Zenker.
The opinion of the court was delivered by LEWIS, J.A.D.
By order of this court the appeals in this matter were consolidated for argument. They respectively challenge the portions of a Chancery Division judgment that (1) sustained the determination of the court-appointed receiver for Hub Loan Company (herein Hub) in disallowing a $14,000 claim of Anchorage Mortgage Corporation (herein claimant or Anchorage) as a secured obligation, and (2) dismissed a summary action of the plaintiff receiver for a recovery of certain alleged preferential payments received by defendants Loran F. Cederlund and Frances T. Zenker, creditors of Hub.
Hub, a corporation licensed by the New Jersey Department of Banking and Insurance, had been in the business of making small loans. An order to show cause in a creditor's action was entered on July 27, 1960 which inter alia enjoined Hub from disposing of its assets. On November 17, 1960 the corporation was adjudged insolvent and Arthur L. Dickson was appointed statutory receiver for the company, "with all powers incident thereto."
Anchorage, a Florida corporation, filed its afore-mentioned claim, alleging that it was a pledgee by virtue of an assignment dated July 12, 1960 of the Hub corporation's reserves and holdback accounts with the Finance Company of America. After hearings conducted by the receiver, pursuant to R.S. 14:14-15, the claim was disallowed in its entirety as a secured or prior obligation. Claimant then appealed from *241 that decision to the Chancery Division. For convenience the trial court consolidated the appeal with a summary proceeding instituted by the receiver against defendants Cederlund and Zenker to recover alleged illegal preferential payments made to them by Hub while it was insolvent.
The trial court found specifically that (1) the alleged assignment to claimant of July 12, 1960 was "an attempt to fraudulently obtain a preferential position as a preferred creditor," and (2) the moneys which were forwarded by Anchorage to Hub or its attorney on and subsequent to August 15, 1960, for payments to Cederlund and Zenker, did not constitute preferred payments by Hub to those creditors. Accordingly, the trial court affirmed the receiver's disallowance of the secured claim asserted by Anchorage and dismissed the receiver's suit against Cederlund and Zenker, all of which gave rise to the appeals presently before this court.
It is unnecessary to review the facts in further detail. They, together with the legal conclusions drawn therefrom, are set forth in a comprehensive opinion rendered by the trial judge. We have studied the record and we are satisfied, substantially for the reasons stated in that opinion, that the evidence substantiates the factual findings and legal conclusions of the trial court and the ultimate judgment rendered thereon.
We note, however, a procedural error raised by Anchorage which merits comment. In advance of trial of the appeal from the receiver's disallowance of its claim, Anchorage applied to the court for an order to permit an examination of the testimony taken before the receiver. That application was denied on the authority of Conover v. West Jersey Mortgage Co., 87 N.J. Eq. 16 (Ch. 1916). During the trial, however, selected portions thereof were permitted to be used by adverse parties in the cross-examination of claimant's witnesses. A denial of such pretrial discovery in proceedings where the hearings conducted by the receiver were quasi-judicial in nature and subject to appeal de novo, and where the testimony sought bore directly on the claim of the creditor *242 requesting it, is inconsistent with the liberal spirit of R.R. 4:16-2. Concealment and surprise at trial are no longer tolerated. The search for truth in aid of justice is the paramount criterion. As stated in Lang v. Morgan's Home Equipment Corp., 6 N.J. 333 (1951):
"Our rules for discovery * * * are designed to insure that the outcome of litigation in this State shall depend on its merits in the light of all of the available facts, rather than on the craftiness of the parties or the guile of their counsel." (at p. 338)
Note the opinion of this court in Caparella v. Bennett, 85 N.J. Super. 567, 571 (App. Div. 1964).
The decision in Conover, supra, is not here controlling. There, directors and officers of the insolvent corporation had refused to testify before the statutory receiver, and the latter applied to the court to have them held in contempt. The directors and officers made a counter-application to the court to be furnished transcripts of all testimony of others adduced before the receiver pending contempt proceedings. The applications of both sides were denied by the court. In connection with the motion of the directors and officers the court held there was no blanket right, under the receivership statute, on the part of anyone, "whether interested or not," to obtain transcripts of the proceedings (87 N.J. Eq., at pp. 19-20).
The context of the issue in the present case is clearly different from that in Conover where, as aforesaid, the applicants were directors and officers of the corporation. Here the applicant is a creditor. Furthermore, in the instant case, the testimony taken by the receiver, at least that portion that was relevant and pertinent to the contested issue about to be heard by the court for allowance of Anchorage's claim as a secured obligation, constituted subject matter analogous to testimony taken by depositions under our present practice. To the extent that anything said in the Conover opinion may be read as contrary to the views we express here, it cannot be considered to reflect present-day procedural philosophy and will not be followed.
*243 We reject as untenable on its face the receiver's argument that the testimony in question represented an adverse party's work product and was therefore exempt from production to the adversary under R.R. 4:16-2. Cf. Nordeide v. Pennsylvania R.R. Co., 73 N.J. Super. 74 (Law Div. 1962).
However, we find the denial of access to the transcript not to have been prejudicial to Anchorage. The receiver at our request produced for our examination the pertinent transcripts of the testimony taken before him. They have been reviewed by us and we find nothing in that record to support the speculation of Anchorage that the proofs therein, bearing upon the alleged assignment of July 12, 1960, might have been materially inconsistent with the testimonial facts adduced at the trial and the inferences drawn therefrom by the trial court on the issues determined by it. We are therefore convinced that the denial of discovery to Anchorage in the circumstances here present was not prejudicial. The critical issue of credibility was resolved by the trial court against Anchorage and the proofs taken before the receiver are fully consistent with that resolution.
It should be further observed that on the occasion when the receiver's transcripts, over the objection of counsel for Anchorage, were sought to be used in the cross-examination of a witness for Anchorage, the latter's counsel was accorded time during a five-minute recess to examine the testimony given by that witness before the receiver. It does not appear from the record before us that counsel was at any time during the course of the trial denied a request to inspect portions of the transcripts being used in the cross-examination of witnesses.
Reversal should not be ordered on a nonprejudicial error, in waste of the resources of the parties and the courts, substantial justice having been done in the Chancery Division. See Meszaros v. Gransamer, 23 N.J. 179 (1957).
The judgment of the Chancery Division is affirmed.