103 N.J. Super. 465 (1968)
247 A.2d 683
JOSEPH SAIA, PLAINTIFF-APPELLANT,
v.
GEORGE BELLIZIO, d/b/a BELLIZIO MACHINE COMPANY, AND CAESAR BELLIZIO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1968.
Decided February 27, 1968.
*467 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. John V. Burns argued the cause for appellant.
Mr. George J. Benson argued the cause for respondents (Messrs. Schenck, Price, Smith & King, attorneys).
PER CURIAM.
Plaintiff appeals from a judgment for defendants entered upon a jury verdict of no cause for action.
The action was instituted to recover damages for injuries allegedly sustained by plaintiff as the result of the negligent operation of defendants' bulldozer. The bulldozer was engaged in clearing trees from a building plot. One of the trees struck plaintiff, a laborer employed by a contractor, Schibilia, while plaintiff and his employer were marking the building area with stakes.
Contributory negligence was pleaded as a defense. Although "the purpose of the pretrial is to reveal to each party what he must prepare to meet at the trial itself," Maladowitz v. Coley, 47 N.J. 55, 57 (1966), here defendants were permitted to allege that defense in the pretrial order, together with the statement that they "can assert no facts in support of the defense" and that they intend "to rely upon such evidence as may be adduced at the time of the trial during the examination and cross-examination of witnesses."
Defendants' opening statement to the jury did not mention the defense of contributory negligence and limited itself to a denial of any causal relationship between the blow on the head which plaintiff received in the accident and a cataract which plaintiff claimed he had sustained as a result thereof.
*468 Plaintiff's attorney then moved
"to strike the issue of contributory negligence from the case, because I have not, by interrogatories nor in any manner, been appraised [sic] of any contributory negligence that I have to meet, including the opening that has just been made."
The trial court denied the motion and, at the close of the case, over plaintiff's objection that there was no evidence of contributory negligence, again refused to strike the defense. The court ruled that evidence to support the defense was to be found in the testimony of defendant George Bellizio, the last witness called by plaintiff.
Plaintiff argues that the trial court committed prejudicial error in denying the motion to strike the defense of contributory negligence. We agree.
As this court said in Caparella v. Bennett, 85 N.J. Super. 567, 571 (App. Div. 1964),
"Our present procedures for discovery and pretrial are designed to eliminate the element of surprise at trial by requiring a litigant to disclose the facts upon which a cause of action or defense is based. The search for truth in aid of justice is paramount, and concealment and surprise will not be tolerated. In Lang v. Morgan's Home Equipment Corp., 6 N.J. 333, 338 (1951), the late Chief Justice Vanderbilt emphasized the importance of full disclosure of all relevant facts in advance of trial by saying:
`* * * Our rules for discovery * * * are designed to insure that the outcome of litigation in this State shall depend on its merits in the light of all of the available facts, rather than on the craftiness of the parties or the guile of their counsel.'"
Here the issue of contributory negligence was permitted to go to the jury on the basis of a belated testimonial assertion by defendant George Bellizio of alleged facts which he had never disclosed before, testimony which defendants' counsel interprets as a contention
"that plaintiff Saia had removed himself from the area being cleared by Bellizio (after having been instructed to move out of the area about to be cleared by the bulldozer) and that plaintiff, unbeknown to *469 defendant had subsequently returned to the area being cleared, placing himself in a position near to the bulldozer and hidden from defendant's view by underbrush."
That contention came as a surprise not only to plaintiff but also to defendants' counsel who tells us
"that he had been unaware of such factual contention until Bellizio actually so testified, despite two conferences in his office with Bellizio preparatory to trial."
We express no opinion as to whether Bellizio's testimony warrants the interpretation placed upon it by his counsel and whether in fact it would support a jury finding that plaintiff was contributorily negligent. If it does, then permitting such last minute assertion by the defendant of critical facts to constitute a basis for a finding of contributory negligence was prejudicially unfair to plaintiff and underscores the error in denying the prior motion to strike the defense. It matters not that defendant was called as a witness by plaintiff rather than by his own attorney. Nor is it material that defendants' counsel had theretofore been unaware of the facts testified to by defendant. Such concealment and surprise, whether by an attorney or by a party himself, are prohibited.
The judgment must therefore be reversed and a new trial granted. Plaintiff should be afforded an opportunity, prior to the new pretrial conference, to undertake further discovery with respect to the contributory negligence defense.
Finally, we note, since the following issues argued by plaintiff will undoubtedly arise again at the new trial, that we are satisfied that the trial court properly ruled (1) that the doctrine of res ipsa loquitur is inapplicable to this case, and (2) that the testimony given by the now deceased witness Schibilia in the prior workmen's compensation proceeding was admissible into evidence in this case.
The judgment is reversed and the cause remanded for a new trial.