JOSEPH SAIA, PLAINTIFF-RESPONDENT, v. GEORGE BEL-
LIZIO, d/b/a BELLIZIO MACHINE COMPANY AND
CAESAR BELLIZIO, DEFENDANTS-APPELLANTS.

Argued October 22, 1968—Decided November 25, 1968.

*Mr. Allen W. Read* argued the cause for appellants (*Mr. Allen W. Read* and *Mr. Clifford W. Starrett* of counsel; *Mr. George J. Benson* on the brief; *Messrs. Schenck, Price, Smith & King,* attorneys).

*Mr. John V. Burns* argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. The judgment is affirmed substantially for the reasons set forth in the Appellate Division opinion. 103 *N. J. Super.* 465 (1968).

As the opinion notes, at the pretrial conference defendants charged the plaintiff with contributory negligence. The conference order, however, set forth the admission that defendants "can assert no facts in support of the defense." It added also that to establish the defense defendants intended "to rely upon such evidence as may be adduced at the time of trial during the examination and cross-examination of witnesses." These quoted exerpts move us to make some further comments about that form of order.

We have said many times that the basic purposes of a pretrial conference; are (1) to reveal to each party to the action just what factual and legal claims or defenses he must be prepared to meet at the trial, and (2) after such disclosures have been fully and fairly made, to incorporate them

in an order which will strip the case to the stated issues and confine the trial to their determination.

Adherence to those purposes does not signify that a defendant must abandon the defense of contributory negligence if at the time of the pretrial conference he has no facts in his possession or knowledge to support it. But in this event he must so state in the order. The statement must be made in good faith; the trial court and defendant's adversary are entitled to assume that it stems from a fair and adequate preparation for the conference. In such situation defendant may continue to assert contributory negligence by expressly setting forth in the order that his reliance thereon is limited to such facts as may be developed at the trial on the examination and cross-examination of witnesses.

The significance of a reservation of the defense on that basis must be understood. It means that at trial the defendant ordinarily may take advantage of any facts relevant to the issue of contributory negligence that appear in the direct or cross-examination of the plaintiff's witnesses. The same would be true of any physical facts or documentary proof introduced by plaintiff. The reservation does not authorize reliance by defendant upon facts developed on the direct or cross-examination of his own witnesses, which he was aware of when the pretrial conference took place. If such facts appear, a claim of contributory negligence cannot be predicated upon them. A contrary rule would subvert an important aspect of the pretrial conference practice.

Conceivably, facts creating a jury question on contributory negligence might emerge from the direct or cross-examination of defendant's own witnesses, which facts defense counsel did not know prior to the actual giving of the testimony. This would probably be a rare occurrence; ordinarily, reasonable trial preparation conducted in good faith would bring the facts to the surface. *Cf. R. R.* 4:29–1(*b*) (17), (*c*). In this situation the decision whether to permit the proof to be utilized as support for the defense of con-

tributory negligence must be left to the sound discretion of the trial judge. See, *R. R.* 4:15–2; 4:29–1(*b*) (17). In reaching a decision the judge should be mindful that a policy of facile modification of the pretrial order encourages carelessness in preparation for the conference and would result in downgrading of the order as the governing pattern of the trial. On the other hand he must be conscious that rigid insistence upon adherence to the letter of the order under all circumstances may work a grave injustice in an individual case. No hard and fast rule can be promulgated to control the judge's resolution of the problem. His experience and sense of right must be counted on, and if he decides that the ends of justice will be served by permitting use of the proof in aid of the defense of contributory negligence, only an obvious mistake in the exercise of his discretion, such as the Appellate Division found here, would warrant interference with his action by a reviewing court. In considering the problem the trial judge should not ignore the possibility of prejudice to the previously unwarned plaintiff. If substantial prejudice will probably result, a reasonable recess may be allowed where necessary to enable plaintiff to meet the unexpected proof. *R. R.* 4:15–2. Or, if deemed necessary to achieve a just result for both parties, a mistrial may be ordered.

One further aspect of the problem must be mentioned. In instances where defendant has represented in the pretrial order that he has no facts to support the defense of contributory negligence, if thereafter and before trial he acquires knowledge of such facts, he must immediately notify his adversary. If the adversary declines to consent to amending the pretrial order, a motion to amend is in order. Pursuit of that course will permit the surprised party to seek a new trial date, if necessary, to enable him to meet the new proof. In this connection we concur in the direction of the Appellate Division that before the new pretrial conference (see, *R. R.* 4:29–7) plaintiff shall be given an opportunity

to undertake further discovery with respect to the contributory negligence defense.

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN — 7.

*For reversal* — None.