115 N.J. Super. 273 (1971)
279 A.2d 135
OLGA MUNTZ, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF ORVELL MUNTZ AND OLGA MUNTZ, GENERAL ADMINISTRATRIX OF THE ESTATE OF ORVELL MUNTZ AND OLGA MUNTZ, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
NEWARK CITY HOSPITAL AND THE CITY OF NEWARK, DEFENDANT-RESPONDENT, CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1971.
Decided June 25, 1971.
*274 Before Judges KILKENNY, HALPERN and LANE.
Mr. Jerry M. Finn argued the cause for appellants (Messrs. Goldberger, Siegel and Finn, attorneys; Mr. Sheldon A. Siegel, on the brief).
Mr. Marvin A. Sachs argued the cause for respondent cross-appellant (Messrs. Feuerstein, Sachs and Maitlin, attorneys; Mr. Leonard Rosenstein, on the brief).
The opinion of the court was delivered by HALPERN, J.A.D.
The narrow issue on plaintiffs appeal is whether the trial court erred in reducing the jury's verdict from $35,000 to $10,000. In view of our determination that no error existed, we do not reach defendant's cross-appeal.
*275 The facts are not disputed. Plaintiff's decedent committed suicide while a patient at the Newark City Hospital. Plaintiff individually, and in her representative capacity, sought money damages from the hospital, the City of Newark and from Dr. Morton Kurland, charging them with negligence and malpractice. The jury absolved Dr. Kurland from liability and returned its verdict thusly: "We find the defendant, Newark City Hospital, negligent. The damages to be in the amount of $35,000." The verdict made no mention of the City of Newark for the obvious reason that the case was tried on the theory that the hospital was an agency of the city, and the city's liability was derivative. For the purposes of the trial and for our purposes on appeal, the Hospital and the city are one and the same entity.
As soon as the verdict was received, defense counsel moved to reduce the verdict to $10,000 in accordance with the stipulation in the pretrial order limiting the hospital's liability to $10,000 pursuant to N.J.S.A. 2A:53A-8. When the court asked plaintiff's attorney if he objected to the motion, he responded "No, your Honor. I might add that the pretrial order does reflect that there was an admission that the hospital was, in fact, a non-profit institution." Judgment was ultimately entered against the hospital and the city for $10,000. Plaintiff's application to have judgment entered against the hospital and the city for $35,000 was denied. This appeal and cross-appeal followed.
We consider first the issue of whether the stipulations in the pretrial order, and the manner in which the case was tried, foreclose this appeal. We find they do. The City was a party to the suit in name only. This is evidenced by the following: (a) the pretrial order mentions the city only in the caption of the case; (b) the city was not referred to during the entire trial; (c) the jury's verdict was only against the hospital; (d) the parties stipulated in the pretrial order, as a matter of law, that under N.J.S.A. 2A:53A-8 the limit of liability was $10,000, although no limitation was placed on Dr. Kurland's liability, and (e) the *276 case was tried on that basis, as evidenced by defense counsel's consent to the reduction of the verdict.
R. 4:25-1 makes it crystal clear that trials must be held within the framework of the pretrial order. The rule, in relevant part, requires the pretrial order to be dictated in open court, signed by counsel and the court, and it must recite: the admissions or stipulations of the parties; the factual and legal contentions of the parties; "all claims as to damages * * * and admissions or stipulations with respect thereto, and this shall limit the claims thereto at the trial * * *," and a specification of the legal issues to be determined at trial. The rule then provides:
When entered, the pretrial order becomes part of the record, supersedes the pleadings where inconsistent therewith, and controls the subsequent course of action unless modified at or before the trial or pursuant to R. 4:9-2 to prevent manifest injustice.
The philosophy of the rule as expressed in Lertch v. McLean, 18 N.J. 68 (1955), is applicable in the instant case, and worth repeating:
The pretrial order is a cornerstone in the building of our practice in the trial of cases under the new judicial system. One of the purposes of the rule, R.R. 4:29-1 [now 4:25-1] is to allow great liberality in forming and amending pretrial orders so that all phases of the controversy may be finally and justly determined between the parties but as we said in Schlossberg v. Jersey City Sewerage Authority, 15 N.J. 360, 370 (1954):
"However, the flexibility and liberality allowed by our procedural system to enable the litigants before actually going to trial to identify and agree upon the issues really in controversy between them are not to be twisted into license to roam at will at the trial outside the agreed upon issues framed in that manner and reduced to expression in the pretrial order. Litigants may move about with greatest freedom during the pleading, discovery and pretrial stages of the action, but after the framework of the case has been settled under the pleadings and the pretrial order, the introduction of additional issues or a shift of ground from those agreed upon may be made over timely and meritorious objection only as permitted by R.R. 4:29-1(b)(15) and 4:15-2 applicable to amendments offered after entry of the pretrial order, or during trial." (Italics supplied.)
*277 The pretrial order in this case defining the issues of negligence between the parties as being in the alternative was never amended during the course of the trial and it controlled its course. Questions or issues not presented in the pretrial order are deemed to be waived and no instruction to a jury should be given by the court inconsistent with the order. Jenkins v. Devine Foods, Inc., 3 N.J. 450 (1950).
To allow deviations from the pretrial order as now sought to be done in the instant case would in effect amount to a nullification of the purpose of the rule and destroy the aims which it was intended to attain, to advance the orderly administration of justice. [at 72-73]
It is obvious that plaintiff's present contention is an afterthought. The pretrial order charted the course of the trial, and the stipulations contained therein, not having been amended, are dispositive of this appeal. Mattia v. Northern Ins. Co. of New York, 35 N.J. Super. 503 (App. Div. 1955). Any other approach "would subvert an important aspect of the pretrial conference practice." Saia v. Bellizio, 53 N.J. 24, 27 (1968).
Finally, a word with respect to plaintiff's contention that the hospital does not fall within the purview of N.J.S.A. 2A:53A-8, et seq. Plaintiff contends the hospital is an agency of the city and cannot be categorized as a non-profit corporation or a charitable institution. We disagree. Unquestionably, the Legislature intended to grant limited immunity to hospitals not operated for profit. N.J.S.A. 2A:53A-8 and 10. No sound reason exists for holding that a city hospital, organized as Newark City Hospital was under N.J.S.A. 30:9-13 et seq. for treating "indigent sick and disabled," is not entitled to the benefits of the statute. See Kress v. Newark, 9 N.J. Super. 70 (App. Div. 1950), rev'd on other grounds 8 N.J. 562 (1952), and Kent v. County of Hudson, 102 N.J. Super. 208, 219-220 (App. Div. 1968), aff'd 53 N.J. 546 (1969), wherein it is clearly inferrible that the statute applies to a county hospital.
Affirmed.