116 N.J. Super. 294 (1971)
282 A.2d 66
OLGA SURNACK, PLAINTIFF,
v.
RICHARD SURNACK AND CONSOLIDATED FREIGHTWAYS, A CORPORATION OF DELAWARE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided September 30, 1971.
*295 Messrs. Cohn & Lifland, attorneys for plaintiff, did not appear.
Mr. Anthony J. Andolino for defendant Richard Surnack (Messrs. Michels, Schwartz & Maher, attorneys).
Mr. John R. Leith for defendant Consolidated Freightways (Messrs. Mattson, Madden, Polito & Loprete, attorneys).
SIMPSON, J.C.C. (temporarily assigned).
For purposes of this motion by defendant Richard Surnack for summary judgment, the material facts are not in dispute. Surnack was employed by defendant Consolidated Freightways. He drove his "company car" from his home to Sears-Roebuck to have the air conditioner repaired. When it developed that the car would be there all day, he called his employer for instructions and was told to have his wife pick him up, take her home, and then proceed in his own car with company calls. On the way home, he was in an accident and Olga Surnack was hurt.
The accident occurred on July 23, 1969. Based upon the holding in Immer v. Risko, 56 N.J. 482 (1970), abolishing interspousal immunity in automobile negligence damage suits, Olga Surnack sued her husband as well as his employer. *296 Consolidated Freightways crossclaimed against Richard Surnack for joint tort-feasor contribution and employee-employer indemnification. In view of the decision in Darrow v. Hanover Tp., 58 N.J. 410 (1971), that the abolition of interspousal immunity is prospective only and not applicable to accidents occurring prior to July 11, 1970, the parties agree that Mrs. Surnack's claim against her husband must be dismissed. Nor is it disputed that the crossclaim of Consolidated against Surnack for contribution must be dismissed. Kennedy v. Camp, 14 N.J. 390 (1954).
The issue presented is whether Consolidated can maintain its crossclaim against Richard Surnack for indemnification when interspousal immunity was still in effect. The question of indemnification under these circumstances, based upon an employee's breach of his duty to the employer to exercise due care, does not appear to have been decided in this State.
Ohio Casualty Company insures Richard Surnack's vehicle, and Consolidated in a separate action is seeking a declaratory judgment that the policy covers it as an additional insured pursuant to N.J.S.A. 39:6-46. Although technically not a party to the present action, counsel for the moving party, Richard Surnack, appeared as counsel for said carrier and stipulated he represented Ohio Casualty for all purposes (i.e., for the benefit of both the insured and the insurer).
Although the question has not been decided in New Jersey, it has received attention by our highest court. In Hudson v. Gas Consumers' Ass'n, 123 N.J.L. 252 (E. & A. 1939), an automobile personal injury case, a wife's right to sue her husband's employer on the basis of his negligence was sustained. By way of dictum the court there said that if the wife recovered against the employer, the latter would have an indemnity action over against the employee-husband, based upon a breach of duty owed by a servant to his master. However, as noted by Justice Francis, in his dissenting opinion in Immer, supra, 56 N.J. at 498, our Supreme *297 Court subsequently cast serious doubt on the validity of this dictum.
Thus, in Eule v. Eule Motor Sales, 34 N.J. 537 (1961), an automobile personal injury case wherein it was held that interspousal immunity did not preclude a wife from suing a partnership of which her husband was a member, for his negligence as its agent, the theoretical liability of an employee to indemnify his employer was termed an anachronistic departure from modern employment realities. Reference was made to the enterprise theory of risk of loss and the routine employer purchase of insurance that also protects employees. The prospect of a claim for indemnity was deemed of academic significance only, except for the rare case where the liability of an employee may serve as a stepping stone to reach someone else. Finally, it was noted in Eule that even in such a case, upon a balancing of considerations, the right to indemnity from the negligent spouse might yield to the right of the injured spouse and be denied.
Consolidated recognizes the trend of juristic thinking evidenced by Chief Justice Weintraub's opinion for the majority in Eule, and candidly asserts it seeks to use defendant Richard Surnack as a stepping stone to reach the Ohio Casualty coverage under his liability policy. Maryland Cas. Co. v. N.J. Mfrs. (Cas.) Ins. Co., 48 N.J. Super. 314 (App. Div. 1958), aff'd 28 N.J. 17 (1958), is an example of the "stepping stone" theory of indemnification, through a negligent employee to his insurance coverage, of an employer only vicariously liable under the doctrine of respondeat superior. However, interspousal immunity was not involved. No reason appears why the theory should not apply in this case, to the extent of Surnack's Ohio Casualty coverage. There are many reasons, on the other hand, why indemnification within the policy limits should be allowed.
From a plaintiff's viewpoint, full compensation is the important thing, and there is a strong public policy in New Jersey favoring the availability to injured persons of the *298 liability insurance of those whose negligence is the cause of their plight. Sneed v. Concord Ins. Co., 98 N.J. Super. 306, 321 (App. Div. 1967). The strength of this public policy is evident by the fact that almost universal automobile liability insurance coverage provided the primary reason for the abolition of interspousal immunity. Immer, supra, 56 N.J. at 489, 496. Should an employer, like Consolidated, or its insurance coverage, be unable or insufficient to respond fully, the negligent employee's coverage should be available. This would be the result today in any case involving joint tortfeasors, and since Immer and Darrow will be the result in interspousal automobile negligence cases arising out of accidents after July 10, 1970, whether the husband is a sole or joint tortfeasor.
From Richard Surnack's viewpoint his insurance coverage should be available, assuming he was negligent, to respond in damages to an injured person, whether it was his wife or a stranger. Although he would not expect to indemnify his employer from his personal assets, under the Eule rationale (and see "The Employee's Liability to Third Parties and The Employer's Right to Indemnification for Third Party Claims Generated by the Employee's Negligence," 18 Rutgers L. Rev. 500), he purchased automobile liability insurance to protect both himself and those he accidentally damaged.
From Consolidated's viewpoint it is totally irrelevant that the injured person was its negligent employee's wife or a third person, and in neither event might it realistically expect indemnification from its employee's personal assets. There is no reason, however, that it should not expect contribution or indemnification from its employee's liability insurance carrier.
Finally, Ohio Casualty's reliance upon the prospective applicability of the Immer abolition of interspousal immunity, via the Darrow decision, is really only a legal nicety. It obviously has no interest in avoidance of the conjugal discord that interspousal immunity was supposed to prevent. *299 Nor does it claim prejudicial reliance upon former law, which was the rationale of the Darrow holding that interspousal immunity remained effective as to accidents occurring before July 11, 1970. Eule was decided in 1961, or over eight years prior to the July 23, 1969 accident in this case. Olga Surnack started suit on September 18, 1970, and Ohio Casualty's insured, Richard Surnack, was served as a defendant September 23, 1970. Immer had been decided July 10, 1970, and there was no indication it would be prospective only until Darrow was decided June 7, 1971.
The rights and obligations of Consolidated (or its insurer) and Ohio Casualty under the applicable policy or policies were not argued, considered or decided in connection with Richard Surnack's motion for summary judgment. After further proceedings in the separate action for declaratory judgment, heretofor referered to, it may be appropriate to consolidate the actions.
Plaintiff Olga Surnack's claim against her husband, defendant Richard Surnack, is dismissed. Defendant Consolidated Freightways' crossclaim for joint tortfeasor contribution against Richard Surnack is dismissed. Richard Surnack's motion for summary judgment is denied insofar as it relates to Consolidated Freightways' crossclaim for indemnification, to the extent of his Ohio Casualty coverage.