KENNETH HOUIE, CATHERINE HOUIE AND TIFFANY J. HOUIE, AN INFANT, BY AND THROUGH HER GUARDIAN AD LITEM, KENNETH HOUIE, PLAINTIFFS-APPELLANTS, v. PAUL AL- LEN, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 29, 1983—Decided January 3, 1984.

Before Judges MICHELS, KING and DREIER.

*Brian E. Mahoney* argued the cause for appellants (*D'Alessandro, Sussman, Jacovino & Mahoney,* attorneys; *Edward G. D'Alessandro* of counsel; *Brian E. Mahoney* on the brief).

*William J. Soriano* argued the cause for respondent (*Soriano, Henkel, Stein & Gaydos,* attorneys; *William J. Soriano* of counsel and on the letter-brief).

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Pursuant to leave granted by this court, plaintiffs Kenneth Houie, Catherine Houie and Tiffany J. Houie, an infant, by her guardian ad litem, Kenneth Houie, appeal from an interlocutory order of the Law Division denying service of process on defendant Paul Allen by serving his homeowner's insurance carrier, State Farm Fire & Casualty Company (State Farm).

Defendant was shot and injured while working as a disc jockey at the Dreamboat Lounge in Newark, New Jersey. He identified his assailant as plaintiff Kenneth Houie, who was charged with aggravated assault with intent to cause bodily injury in violation of *N.J.S.A.* 2C:12–1(b). Plaintiff was arrested and incarcerated in the Essex County Jail for four days. Subsequently, the charges against plaintiff were administratively dismissed by the Essex County Prosecutor's Office when it was affirmatively established that defendant's identification of him was false. Plaintiff thereupon instituted this action against defendant seeking to recover both compensatory and punitive damages. Defendant was charged with malicious use of process, malicious abuse of process and libel and slander. Plaintiff's wife sued *per quod* and together with his daughter also sued for damages sustained as the result of the alleged tortious conduct of defendant.

Attempts to serve defendant with process by delivery in New Jersey pursuant to *R.* 4:4–4(a) and by certified mail at his last known address out of state pursuant to *R.* 4:4–4(e) were unsuccessful. When plaintiffs' attorneys discovered that defendant had a standard homeowner's insurance policy in effect at the time the torts were allegedly committed, they moved under *R.* 4:4–4(i) to obtain substituted service on State Farm through its agent in South Orange, New Jersey. This motion apparently was denied by the trial court, but no record of the decision was furnished in connection with this appeal. Plaintiffs then moved for reconsideration of the trial court's ruling. The trial court denied this motion, reasoning that there was insufficient public

interest in this private controversy to justify substituted service on defendant's homeowner's insurance carrier under *R.* 4:4–4(i). The trial court did not address the issue of whether the homeowner's insurance policy provided coverage for defendant's alleged tortious acts.

*R.* 4:4–4(i) provides:

> If service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process of law.

The obvious intent of *R.* 4:4–4(i) was to provide for service in those cases where it might not otherwise be effected. There is no specific language limiting service under the rule to a particular type of case. "The utility of such a provision is significant in circumstances where usual modes of service are either impossible or unduly oppressive upon the plaintiff or where the defendant successfully evades service of process." *Pressler, Current N.J. Court Rules,* Comment *R.* 4:4–4 (1984).

In *Mullane v. Central Hanover Bank & Trust Company,* 339 *U.S.* 306, 70 *S.Ct.* 652, 94 *L.Ed.* 865 (1950), the United States Supreme Court discussed the requirement that a defendant receive notice of an action in order to satisfy basic standards of due process. The Court stated:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.... The notice must be of such nature as reasonably to convey the required information, ... and it must afford a reasonable time for those interested to make their appearance.... But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied. "The criterion is not the possibility of conceivable injury but the just and reasonable character of the requirements, having reference to the subject with which the statute deals...."
>
> But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, ... or, where conditions do not reasonably permit such notice, that the form chosen is

not substantially less likely to bring home notice than other of the feasible and customary substitutes. [339 *U.S.* at 314–315, 70 *S.Ct.* at 657]

Relying in part on *Mullane,* the New Jersey Supreme Court in *Feuchtbaum v. Constantini,* 59 *N.J.* 167 (1971), permitted substituted service under *R.* 4:4–4(i) "even though it [was] far from certain that the defendant [would] in fact receive notice of the action." At 177. The Court held, *inter alia,* that where an insured motorist involved in an automobile accident was a resident of this State at the time of the accident but could not be located for service of process by any of the prescribed modes, it was appropriate to order substituted service on his insurance carrier coupled with service by ordinary mail to the motorist sent to his last known address. *Id.* at 178–179; *see Austin v. Millard,* 164 *N.J.Super.* 219 (App.Div.1978); *Ledbetter v. Schnur,* 107 *N.J.Super.* 479 (Law Div.1969); *cf. Young v. Bunny Bazaar, Inc.,* 107 *N.J.Super.* 320 (Law Div.1969); *Rudikoff v. Byrne, et al.,* 101 *N.J.Super.* 29 (Law Div.1968). To reach this holding the Court applied a balancing test, weighing "plaintiff's need, the public interest, the reasonableness of plaintiff's efforts under all the circumstances to inform the defendant, and the availability of other safeguards for the defendant's interests." *Feuchtbaum v. Constantini, supra* 59 *N.J.* at 177 (citing *Dobkin v. Chapman,* 21 *N.Y.*2d 490, 503, 289 *N.Y.S.*2d 161, 172, 236 *N.E.*2d 451, 458 (Ct.App.1968)).

Substituted service under *R.* 4:4–4(i) has also been permitted in a medical malpractice case where the defendant had left this country. In *Muntz v. Smaily,* 118 *N.J.Super.* 80 (App.Div.1972), we held that where a physician charged with medical malpractice left the State after committing the act complained of to take up residence in Iran, the victim's widow was permitted to execute service of process under *R.* 4:4–4(i) through substituted service on the insurance carrier for the physician's employer's hospital and by both registered and ordinary mail to physician's last known address.

As we have observed, there is no specific language in *R.* 4:4–4(i) limiting service under that rule to a particular type

of case. Nor do we read *Feuchtbaum* and *Muntz* to restrict substituted service under *R.* 4:4–4(i) to insurance carriers in automobile negligence and medical malpractice cases. Substituted service on defendant's homeowner's insurance carrier is authorized if it is consistent with due process requirements enunciated in *Mullane* and embodied in the balancing test applied by the Court in *Feuchtbaum*. Under this due process analysis the public interest in allowing plaintiff to prosecute his claim may be shown where, as here, defendant is either deliberately or inadvertently evading service and plaintiff is unlikely otherwise to obtain compensation for injuries sustained as a result of defendant's alleged torts. *See Ledbetter v. Schnur, supra* 107 *N.J.Super.* at 483–484; *Surnack v. Surnack,* 116 *N.J.Super.* 294, 297–298 (Law Div.1971). Therefore, the trial court erred in concluding that there was insufficient public interest in this proceeding to allow substituted service on State Farm.

Analysis under the due process balancing test also requires the court to consider fairness to the defendant. In the present case we construe this to require a *prima facie* showing by plaintiff that the claims asserted against defendant are covered by the latter's homeowner's insurance policy. An insurance carrier which is not under a duty to defend or indemnify defendant obviously has little incentive to seek out and notify him of a claim pending against him. *See Feuchtbaum, supra,* 59 *N.J.* at 178. Because the trial court did not consider the other factors of the due process analysis after mistakenly holding that there was no public interest involved, it never determined whether plaintiff made a *prima facie* showing that the homeowner's insurance policy State Farm issued to defendant provides coverage for any of plaintiff's claims. Since we hold to the view that the public interest in the present case is sufficient to support a finding that defendant's right to due process would not necessarily be violated by substitute service on State Farm, the trial court should now make the full due process analysis.

Accordingly, the order denying substituted service is reversed and the matter is remanded to the trial court for further proceedings to make the required due process analysis consistent with the views expressed in this opinion. We do not retain jurisdiction.