ARMIN H. MITTLEMANN and Others, Trustees under a Trust Indenture Dated the 25th Day of October, 1935, and a Plan of Reorganization of Series Q Mortgage Investments Approved by an Order of the Supreme Court of the State of New York, Entered on the 6th Day of September, 1935, Respondents, *v.* PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Appellant.

First Department, June 23, 1936.

*Emory R. Buckner* of counsel [*Wilkie Bushby* and *Joseph Schreiber* with him on the brief; *Root, Clark, Buckner & Ballantine,* attorneys], for the appellant.

*John Holley Clark, Jr.,* of counsel [*Herbert Stern* with him on the brief; *John Holley Clark, Jr.,* and *Thomas Keogh,* attorneys], for the respondents.

McAvoy, J.   The complaint alleges that the plaintiffs are trustees appointed October 25, 1935, under a trust indenture for the " Reorganization of Series Q Mortgage Investments; " that this trust indenture was promulgated and put into effect under the provisions of the Schackno Act (Laws of 1933, chap. 745) with the approval of two-thirds of the series Q certificate holders; that certificates of part interest in series Q of New York Title and Mortgage Company in the face value of upwards of $10,200,000, have been issued from time to time, commencing in 1923, to upwards of 3,200 certificate holders and are now outstanding; that the defendant bank first had any connection with the mortgage company at the end of 1929, when it became the majority stockholder in the mortgage company; that the defendant later became the depositary of the mortgages securing the series Q certificates as successor by merger of American Trust Company, the original depositary; and that the defendant ceased to be a stockholder in the mortgage company late in 1932.

The complaint seeks to set forth two causes of action, both at law and both in tort.   The first cause of action asserts that, while the defendant bank was majority stockholder of the mortgage company, it maliciously caused the mortgage company from time to time to breach the mortgage company's contracts with those persons who were for the time being series Q certificate holders, in the following alleged respects:   (a) That it caused the mortgage company to deposit mortgages in series Q which were on unimproved rather than improved property;   (b) that it caused the mortgage company to deposit mortgages on properties on which there were overdue taxes;   (c) that it caused the mortgage company to hire incompetent appraisers who made improper appraisals;   (d) that it caused the mortgage company to deposit some of the mortgages now in series Q in substitution for better mortgages which were withdrawn by the mortgage company; and (e) that it caused the mortgage company to pay off some series Q certificate holders in preference to others.

The second cause of action is based on the defendant's becoming the successor depositary in 1930 for the mortgages securing the series Q issue, and the claim is made by the plaintiffs that the same alleged breaches of contract of the mortgage company set

forth in the first cause of action form the basis for also charging the defendant bank with gross negligence.

From the provisions of the Schackno Act, it is apparent that it had only one purpose, to meet the situation theretofore existing, to wit, that the underlying bonds and mortgages could not be administered or dealt with, in any way, without the unanimous consent of the holders of certificates of each issue. To this end, the Schackno Act provides for the promulgation of an agreement for reorganization of mortgage investments upon the consent of two-thirds of the holders of the certificates of any issue, so that the trustees appointed thereby may thereafter represent one hundred per cent of the holders of the certificates of the issue in the administration of the bonds and mortgages underlying such certificate issue.

The Schackno Act was never intended to result in granting to Schackno trustees the right to bring causes of action asserting the alleged tort claims of the individual certificate holders based on the claimed violation at various times of duties allegedly owed to each of them individually under the contract of the mortgage company and the depositary.

The causes of action sued on are not causes of action which the series Q certificate holders have "as a class." They are individual claims or choses in action. The express use of the limiting term in the reorganization indenture of transfer of actions owned as a class assures that the causes of action here set out were not transferred to the plaintiffs as trustees for reorganization.

The Schackno Act nowhere in its terms authorizes the insertion in the reorganization indenture of any provision which would transfer the alleged causes of action to the plaintiffs' trustees and any such provision would, therefore, be without effect as not contained in the legislative emergency mandate.

The order should, therefore, be reversed, with twenty dollars costs and disbursements, and the motion for judgment dismissing the complaint should be granted.

MARTIN, P. J., TOWNLEY and UNTERMYER, JJ., concur; COHN, J., dissents.

Order reversed, with twenty dollars costs and disbursements, and the motion granted.