P. WALKER MORRISON and Others, as Trustees under a Declaration of Trust, Dated September 15, 1936, for the Benefit of Certificate Holders in Series QNS-GNY, Plaintiffs, *v.* FRANK C. BARKER and Others, Defendants.

Supreme Court, Special Term, New York County, November 12, 1937.

*Hellinger, Reichart & Singer*, for the plaintiffs.

*Larkin, Rathbone & Perry*, for the defendant Frederick J. Leary.

*Hurd, Hamlin & Hubbell*, for the defendants Frank C. Barker and others.

*Root, Clark, Buckner & Ballentine*, for the defendant President and Directors of the Manhattan Company.

LAUER, J. There are two motions which involve similar questions. One motion is made on behalf of the defendant Barker and eleven other defendants, and the other motion involves merely one defendant, to wit, defendant Leary. Both motions are made under rule 106 of the Rules of Civil Practice. The motion which is made on behalf of the defendant Barker and others raises the question, in addition, as to whether plaintiffs have legal capacity to sue. Plaintiffs sue, as trustees, to recover against the Manhattan Company on the theory of negligence for failure to perform its duty under the depositary agreement which was entered into between it and the Greater New York-Suffolk Title and Guarantee Company. It appears that this latter company was engaged in selling mortgages upon real estate and certificates of interest therein secured by its guaranty of payment of principal and interest. The complaint concerns itself with reference to the said bank and the individual defendants who were at the times stated in the complaint directors of the title company and who, in the course of their duties as such directors, approved of the depositary contract and who, as such directors, sanctioned the acts of the bank in the withdrawing of mortgages and substitution of others in the course of the conduct of the business between the title company

and the bank. The action has been discontinued as against the bank. The complaint, as it appears to me, is based solely upon a claim of loss to the individual certificate holder, which loss was occasioned by reason of the action and conduct primarily of the bank imposed upon it under the depositary agreement. The action is not, generally speaking, for acts of malfeasance, nonfeasance or misfeasance against the directors of the title company for any other causes save that growing out of the conduct of the bank. It would seem that the trustees, such as plaintiffs are, that is, appointed pursuant to statute upon reorganization, are not vested with power to sue. They are not vested with the rights of the individual certificate holders unless those rights are transferred by the individuals. They merely represent the certificate holders as a class. (*Mittlemann* v. *President & Directors of Manhattan Co.*, 248 App. Div. 79; affd., without opinion, 272 N. Y. 632; *Weill* v. *President & Directors of Manhattan Co.*, 275 id. 238.) As stated in this latter case (pp. 242 and 243): " The interest of each certificate holder depends upon the time and circumstances under which he became a certificate holder. Some have no possible cause of action and some of the causes of action alleged vested in previous certificate holders who have transferred their certificates. The rights of those who may have causes of action vary."

In the present case the complaint seeks to recover upon the theory of a benefit to the certificate holders *as a class*. However, this, under the language in the *Weill* case, just quoted, cannot be done in such a case as this. The language applied here to the directors of the title company, it seems to me, with the same force as it does to the depositary bank. If any cause of action such as is here sought to be enforced existed in the certificate holders, it would seem to have passed to the Superintendent of Insurance as liquidator, who under such circumstances would have the right to sue for waste, mismanagement, misfeasance, nonfeasance or malfeasance of the officers and directors of the title company whose affairs the Superintendent is liquidating. The motion to dismiss should be granted. The complaint is dismissed, and the clerk of the county of New York is directed to enter judgment in favor of the defendants against the plaintiff dismissing the complaint on the merits.