Abraham N. Geller, J.
Motion by plaintiff to dismiss affirmative defense of lack of jurisdiction of the person of defendant is granted. An ex parte order pursuant to CPLR 308 (subd. 4) was granted, providing for service of the summons and complaint upon defendant by delivery thereof to his named insurance carrier. The carrier’s affirmative defense of lack of jurisdiction thus raises the question as to the propriety of the order.
CPLR 308 (subd. 4) gives a court discretion to authorize special methods of service when service under CPLR 308 (subds. 1, 2, 3) is impracticable. However, due process requires that any form of service must be reasonably calculated to give defendant notice of the action and the opportunity to be heard. There must be some showing of the actual relationship between the defendant in the case and his insurer, from which it can be inferred that notice to the insurer is reasonably calculated to give notice to defendant (Winterstein v. Pollard, 50 Misc 2d 354).
Here that showing was made. The papers upon which the order was granted show that efforts at personal service upon defendant at his last known address were futile, the process *403 server being informed on a last visit that he had moved, leaving no forwarding address. The motor vehicle report contained that address and also set forth his insurance carrier. Plaintiff’s attorney thereupon ascertained from the attorney handling the claim of the owner of the automobile in which plaintiff was a passenger that he had managed to serve defendant on an earlier occasion and had obtained a settlement from the insurance carrier during the pendency of the action. However, plaintiff’s attorney thereafter negotiated with a named adjuster for the carrier, forwarded papers by letter showing the carrier’s file number, and discussed settlement, but without result.
The circumstances stated clearly support the validity of the order granted under CPLR 308 (subd. 4), and the affirmative defense of lack of jurisdiction is dismissed.