I. Stanley Rosenthal, J.
Plaintiff seeks to effect service upon the defendant herein, William Shore, pursuant to CPLR 308 (subd. 4) by service upon the said defendant’s insurer. In a previous motion which was denied without prejudice plaintiff sought the same relief; however the insurer in that proceeding furnished the plaintiff with another address based upon information it had concerning an action between the plaintiff’s wife and the defendant. A certified letter was sent to the address furnished by the insurer and was returned “ addressee unknown at address.” The insurer in opposition contends that service should be made by publication.
The courts have been liberal in interpreting the preferences relating to service of process pursuant to CPLR 308 (subd. 4), and the courts have discretion where all efforts for service under subdivisions 1, 2, and 3 of section 308 have failed, to devise any mode of service, which is calculated to give notice of the pend-ency of the action to the defendant. (West v. Mannino, N. Y. L. J., April 4, 1967, p. 21, col. 7.) As stated in Milliken v. Meyer (311 U. S. 457, 463-464): “ The responsibilities of that citizenship arise out of the relationship to the state which *889 domicile creates. That relationship is not dissolved by mere absence from the state. The attendant duties, like the rights and privileges incident to domicile, are not dependent on continuous presence in the state. One such incidence of domicile is amenability to suit within the state even during sojourns without the state, where the state has provided and employed a reasonable method of apprising such an absent party of the proceedings against him.”
The only constitutional question therefore is whether the notice is reasonable.
The facts presented here are distinguishable from those presented in Winterstein v. Pollard (50 Misc 2d 354). In Winter-stein, the court required a showing of the actual relationship between the insurer and the insured so that notice to the insurer is reasonably calculated to give notice to the defendant; but in the case at bar there was obviously some relationship between the insurer and its insured since the insurer had knowledge of a different address which it was able to furnish the plaintiff on the previous motion. In Keller v. Rappoport (N. Y. L. J., Feb. 24, 1966, p. 19, col. 5) where the insurer advised plaintiff’s counsel of a California address, the court held the most reasonable means to give notice to the defendant was notice to the insurance carrier. As in Robles v. Yacano (N. Y. L. J., Feb. 1, 1967, p. 19, col. 7) the attorney for the insurer does not deny that the company was aware of the accident all along.
The facts herein are not so dissimilar from those in Lerman v. Church (54 Misc 2d 402). In the Lerman case a showing of the actual relationship between the defendant and his insurer was made when the plaintiff showed: “ The papers upon which the order was granted show that efforts at personal service upon defendant at his last known address were futile, the process server being informed on a last visit that he had moved, leaving no forwarding address. The motor vehicle report contained that address and also set forth his insurance carrier. Plaintiff’s attorney thereupon ascertained from the attorney handling the claim of the owner of the automobile, in which plaintiff was a passenger that he had managed to serve defendant on an earlier occasion and had obtained a settlement from the insurance carrier during the pendency of the action. ’ ’
Accordingly, the plaintiff’s motion is granted provided that he publish the summons and complaint once in the Long Island Press. The newspaper chosen for publication is widely circulated in the area where the defendant was last known to reside. Service by publication is authorized under CPLR 308 (subd. 4). The court deems it advisable that the summons and complaint *890 be published at least once, particularly since the insurer has felt that publication is necessary and claims not to have been in contact with its insured. In West v. Mannino (supra) among other things the court directed that the summons and notice of the nature of the action be published once in a designated newspaper.