Alvin F. Klein, J.
Plaintiff seeks an ex parte order, under subdivision 4 of CPLR 308, that the summons and indorsed complaint be served on the defendant, Brian Murray, by mailing a copy of same to the defendant, at his last known address at 1500 Noble Avenue, Bronx, New York City and by personally serving a copy on Liberty Mutual Insurance Company at 10 Rockefeller Plaza, New York City.
This application is novel and unusual because said Liberty Mutual Insurance Go. is the insurance company of Martina Pieret, the plaintiff. I have carefully researched this matter and did not find any case decided by our courts under CPLR 308 (subd. 4), involving a similar or analogous fact pattern.
The sole affidavit in support of this application is made by one of plaintiff’s attorneys. He states that plaintiff sues to recover for personal injuries sustained on October 28, 1967 while she was a passenger in an automobile owned by her and operated by the defendant. Said automobile struck an el pillar on Westchester Avenue, near Taylor Avenue, Bronx, New York City. At the time of the accident, defendant gave his address to plaintiff and the police as 1500 Noble Avenue, Bronx, New York City. At the scene of the accident the defendant was given a summons by the police for operating an automobile without an operator’s license.
The moving papers show that the process server attempted service on the defendant at said 1500 Noble Avenue, Bronx, New York City, but that service could not be made because defendant did not reside there and was unknown to the tenants residing there. Also, mail sent by plaintiff’s attorneys to defendant at that address was returned by the post office with a notation on the envelope that defendant had ‘‘ moved and left no address ”, It appears that plaintiff’s attorneys have received correspondence from Liberty Mutual Insurance Co. requesting plaintiff’s medical reports and special damages.
It is the contention of Martina Pieret, the plaintiff owner-passenger that Brian Murray, the defendant driver is an “ insured ” under plaintiff’s automobile liability insurance policy and that plaintiff’s insurer, Liberty Mutual Insurance Co., is liable to plaintiff for any damages sustained by plaintiff as a result of the negligence of the defendant.
The rule has long been established that the negligence of the driver of an automobile is not imputed to the owner in an action by an owner against his own driver, but only in actions by or against third parties. (Webb v. Elmira Water, Light & R. R. Co., 144 Misc. 506.)
*203 The landmark case as to CPLE 308 (subd. 4) is Dobkin v. Chapmcm (21 N Y 2d 490) wherein the Court of Appeals actually decided three cases on appeal (Dobkin v. Chapman, 25 A D 2d 745; Sellars v. Raye, 25 A D 2d 757; Keller v. Rappaport, 28 A D 2d 560).
All three of these cases involved accidents between two automobiles. In none of these three cases or in any other reported case under CPLE 308 (subd. 4) do we have the present situation where the plaintiff seeks to serve the summons and indorsed complaint upon the defendant by having same personally served on plaintiff’s insurance carrier, together with mailing to defendant’s last known address.
Chief Judge Fuld in Dobkin v. Chapman (supra), said:
‘ ‘ Our law has long been comfortable with many situations in which it was evident, as a practical matter, that parties to whom notice was ostensibly addressed would never in fact receive it. * * * Indeed, in an automobile case, no defendant need be without notice unless he chooses and wants to be; many an injured plaintiff, however, will go without recompense if, in a proper case, the standards of informative notice may not be relaxed.
“ Belevant also to the due process balance is the presence of the insurer in Keller and of the appellant MVAIC in Dobhin and in Sellars; these, rather than the named defendants, are the real parties in interest in all but form. Even if the insurer in Keller were to deny liability under its policy — we do not know if it will seek to do so or whether it would be so entitled under the circumstances of the case — the plaintiff would have recourse against MVAIC (Insurance Law, §§ 610, 611, 612, 620) ” (pp. 502, 504-505).
In the light of Dobkin v. Chapman (supra), it should not make any substantial difference in a situation like the one in the case at bar that service of process be made on the defendant herein by service on plaintiff’s insurance carrier and also by mailing to defendant’s last known address. Such mode of service would not violate the requirements of due process and would meet the standards set forth in the aforesaid Dobhin case.
However, this application should be denied at this time because plaintiff has not shown sufficiently that service under CPLE 308 (subds. 1, 2 or 3) is “ impracticable ”.
This court would grant such an order as sought herein, upon the following information being submitted to the court: 1. An affidavit by plaintiff setting forth in detail how long she knew defendant prior to the accident, whether she knew where he *204 ever lived or worked, etc. 2. An affidavit by the process server stating at what times and on what days service was attempted on the defendant at 1500 Noble Avenue, Bronx, New York City. Said affidavit should set forth the names and apartment numbers of the tenants the process server claims he spoke to about defendant’s living there and whether he spoke to the superintendent of the building. 3. Copy of Police Blotter. 4. Copy of envelope returned from post office to attorney for plaintiff containing the notation thereon that defendant had ‘ ‘ moved and left no address”. 5. A statement by plaintiff’s attorneys as to what they did to obtain information arising out of the disposition, if any, by the Criminal Court of the charge as to the issuance of the summons by the police to the defendant for operating an automobile without an operator’s license, at the time of the accident. 6. A letter from the Department of Motor Vehicles of the State of New York stating whether .their- records indicate whether or not defendant has an operator’s license and what address it has for defendant.
Accordingly, plaintiff’s application is denied, without prejudice.