107 N.J. Super. 320 (1969)
258 A.2d 158
FRANCES YOUNG AND KENNETH E. YOUNG, PLAINTIFFS,
v.
BUNNY BAZAAR, INC. AND GARY HUGHES, DEFENDANTS.
Superior Court of New Jersey, Law Division.
September 18, 1969.
*322 Mr. Foster C. Ergood argued the motion for plaintiffs (Messrs. Asbell & Ambrose, attorneys).
Mr. G. Wesley Manuel, Jr. argued the motion for defendants (Messrs. Kisselman, Devine, Deighan & Montano, attorneys).
BELOPOLSKY, J.C.C. (temporarily assigned).
This matter came before the court on motion of the attorney for defendants to dismiss plaintiffs' complaint pursuant to R.R. 4:12-2 because of the lack of jurisdiction over the person of defendants due to insufficiency of service of process.
The case arises out of an accident which occurred on July 8, 1966. The complaint was filed on July 2, 1968. On July 11, 1968 summons was issued and served upon the New Jersey Director of the Division of Motor Vehicles pursuant to N.J.S.A. 39:7-1 et seq. because both defendants were nonresidents of the State of New Jersey. However, the certified mail sent by the Director of Motor Vehicles to defendants was returned marked "unknown" for one defendant and "unclaimed" for the other. On September 6, 1968 service pursuant to N.J.S.A. 39:7-3(c) was initiated and proved to be similarly unsuccessful. Numerous other attempts by plaintiff to locate either defendant also proved futile.
On February 17, 1969 plaintiff directed a letter to Crawford & Company, the insurance adjusting firm for defendant Bazaar's insurance carrier. A copy of the summons and complaint was enclosed for Crawford & Company's perusal. Settlement negotiations were then entered into with the adjusting firm and continued up until the time of this motion. On April 25, 1969 a motion to dismiss for lack of *323 prosecution was denied. On May 16, 1969 the sheriff of Philadelphia County, Philadelphia, Pennsylvania, served the summons and complaint on George Chapman of Crawford and Company, allegedly pursuant to R.R. 4:4-4(j) and 4:4-5(a). On August 1, 1969 Crawford and Company moved under R.R. 4:14-2 to dismiss the complaint for lack of jurisdiction over the person of defendants due to insufficiency of service of process. Plaintiff, in opposing the motion, relies on Rudikoff v. Byrne, 101 N.J. Super. 29 (Law Div. 1968). In that case defendant, a New York resident, moved without notifying the New York Department of Motor Vehicles of his new address, as required by New York Law. After similar diligent efforts to locate defendant were unsuccessful, service was made upon defendant's insurance carrier by registered mail sent to the carrier's New York office.
The court found service insufficient on two grounds. First, R.R. 4:4-4(j) had not been complied with because "a copy of the summons and complaint was not sent to Byrne `addressed to his dwelling house or usual place of abode.'" 101 N.J. Super., at 34. Secondly, the court found that R.R. 4:4-5(a) had not been satisfied because service was not made by any of the persons described in the rule. Id., at 36.
However, the court felt that justice dictated that plaintiff should not be deprived of his right to prosecute the action, especially since it was defendant's own breach of a legal duty which caused the difficulty in service. On grounds of equitable estoppel and the demands of justice, the court allowed plaintiff to serve process again, this time complying with the rules.
This left the question of whether service upon the insurance carrier could be made under New Jersey law and consistent with due process.
Rule R.R. 4:4-4(j) (now R. 4:4-4(e)) reads
* * * where service is attempted to be made by registered mail but the same is not effected * * * then service may be made outside *324 the State as provided in Rule 4:4-5(a) upon any person upon whom service is authorized by the law of this State or of the state wherein service is effected. (emphasis added)
The court found that under New York law, specifically, Keller v. Rappoport, 21 N.Y.2d 490, 289 N.Y.S.2d 161, 236 N.E.2d 451 (Ct. App. 1968), service could be made "by mailing a copy of the summons and complaint to the defendant's last-known address, and (2) by delivering copies thereof to the defendant's insurance carrier." 101 N.J. Super., at 36. Thus R.R. 4:4-4(j) was satisfied. The court did not decide whether such service would be authorized solely by New Jersey law in the absence of the New York decisions.
The court also found that the New York procedure was consistent with due process. In Keller the court relied on Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), wherein the Supreme Court said "`it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits' and does not render the service unconstitutional." 289 N.Y.S.2d, at 171, 236 N.E.2d at 458, quoting 339 U.S., at 317, 70 S.Ct., at 658.
In Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956), the Supreme Court, in commenting on Mullane, said
That case establishes the rule that, if feasible, notice must be reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests. We there called attention to the impossibility of setting up a rigid formula as to the kind of notice that must be given; notice required will vary with the circumstances and conditions. We recognized that in some cases it might not be reasonably possible to give personal notice, for example, when people are missing or unknown. [289 N.Y.S.2d, at 171, 236 N.E.2d, at 458, quoting 352 U.S., at 115, 77 S.Ct., at 202.]
The Keller court then noted four factors that go into a decision of what kind of notice will be constitutionally *325 adequate in a given situation: (1) plaintiff's need, (2) the public interest, (3) the reasonableness of plaintiff's efforts to inform defendant, and (4) the availability of other safeguards for defendant's interest. In Rudikoff the New Jersey Supreme Court approved of this analysis and found the elements satisfied in that case.
On the issue of plaintiff's need, the court in Keller quoted from Olberding v. Illinois Cent. R.R. Co., 346 U.S. 338, 341, 74 S.Ct. 83, 98 L.Ed. 39, that "`The potentialities of damage by a motorist, in a population as mobile as ours' are so widespread `that those whom he injures must have opportunities of redress against him provided only that he is afforded an opportunity to defend himself.'" 289 N.Y.S. 2d, at 172, 236 N.E. 2d, at 459. That statement was made in 1953. The vast increase in the use of the automobile and in accidents arising out of that use only reinforce its applicability today.
The public interest of New Jersey is apparent. New Jersey compels nonresidents to remain subject to suit here by the use of N.J.S.A. 39:7-1 et seq., and reliance on the driver's address as registered in his own state. Also there is a policy to provide a source of recovery for injured plaintiffs by recourse to the Unsatisfied Claim and Judgment Fund.
On the question of plaintiff's efforts to inform defendant, the court in Keller said it could not "ignore the fact that it was no lack of diligence on the plaintiffs' part but, rather, the conduct of the defendants themselves, their removal without informing anyone of their whereabouts, which prevent them from receiving more direct service of process." 289 N.Y.S.2d, at 172, 236 N.E.2d, at 459. Defendant knows of the accident, that people were injured, and that a claim may be made against him. He can keep in touch with either his insurance carrier or the injured victim in order to protect himself against not receiving actual notice. Thus the fourth element of safeguarding the defendant is also satisfied. As the court said
*326 Due process does not require that defendants derive any advantage from the sedulous avoidance of any of these measures. Indeed, in an automobile case, no defendant need be without notice unless he chooses and wants to be; many an injured plaintiff, however, will go without recompense if, in a proper case, the standards of informative notice may not be relaxed. [101 N.J. Super., at 41, quoting 289 N.Y.S.2d, at 173, 236 N.E.2d, at 459.]
The court in Keller also found it relevant that either the insurance carrier or the Motor Vehicle Accident Indemnification Corporation, the New York equivalent of the Unsatisfied Claims and Judgment Fund, if the insurance carrier could deny liability under the policy, e.g., for failure to cooperate, were "the real parties in interest in all but form."
While Zander v. Martine, 66 N.J. Super. 310 (Cty. Ct. 1961), holds that under the language of the nonresident motor vehicle statute a complaint and summons forwarded by the Director of Motor Vehicles to the nonresident defendants must be actually received by them, service upon a nonresident motorist is not limited to that one method. N.J.S.A. 39:7-1 provides, "This chapter shall be construed as extending the right and manner of service of process upon nonresidents, and not as limiting any other lawful manner for such service." The court in Rudikoff found the procedure there used to be "lawful" and consistent with due process.
Therefore, while the procedure employed in this case is constitutional, Rudikoff v. Byrne does not make it a provision authorized by New Jersey rules, but merely approves its use, if authorized by another state in which defendant is served under R.R. 4:4-5(a). In order to be valid the source attempted must be authorized by some provision of our rules. Is there then any rule under which this procedure can be validated? R. 4:4-4(i), effective September 8, 1969, provides as follows:
As Provided by Court Order. If service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process of law.
*327 The comment to this new rule states that "the utility of such a provision is significant in circumstances where usual modes of service are either impossible or unduly oppressive upon the plaintiff or where the defendant successfully evades service of process. Cf, e.g., Rudikoff v. Byrne, et al." Therefore, under R. 4:4-4(i) service on the insurance carrier is authorized if provided by court order.
In this case, as in Rudikoff, the four criteria set up in Keller have been met. Plaintiff's efforts to locate and serve the defendants have been as diligent as in either of those cases.
While R. 4:4-4(i) was not in effect when service was initially made on the insurance adjuster here, the demands of justice and the principle of equitable estoppel noted in Rudikoff warrant the court's giving plaintiff further opportunity to serve the defendants by serving a copy of the summons and complaint upon the carrier itself, Reliable Insurance Company of Ohio.
The fact that plaintiff here has dealt with an insurance adjuster rather than the carrier itself, is not significant, especially if the carrier is served. In Rudikoff plaintiff dealt with an adjuster in the negotiations. In Lerman v. Church, 54 Misc.2d 402, 282 N.Y.S.2d 622 (Sup. Ct. 1967), where plaintiff had dealt only with an adjuster for the carrier, the court held that service on the carrier was valid. In that case, as in this one, the carrier was aware of the accident all along.
As the carrier to be served under the court's order represents only defendant Bazaar, the service authorized will be effective only against that defendant.
The motion to dismiss is hereby denied.