107 N.J. Super. 479 (1969)
259 A.2d 237
DIANE LEDBETTER, AN INFANT BY HER GUARDIAN AD LITEM, JAMES LEDBETTER, AND JAMES LEDBETTER, INDIVIDUALLY, PLAINTIFFS,
v.
LEON H. SCHNUR, LILLIAN F. SCHNUR, ROBERT B. STUART, AND DONALD SAVAGE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Argued October 17, 1969.
Decided November 25, 1969.
*480 Mr. Leo D. Burrell appeared for plaintiffs.
Mr. Neil Reiseman appeared for defendant Robert B. Stuart (Messrs. Schreiber and Lancaster, attorneys).
OWENS, J.S.C.
Plaintiffs seek an order providing for service of process upon defendant Donald Savage by substituted service on the insurance carrier of defendant Robert B. Stuart, the owner of the motor vehicle involved in the accident.
The complaint alleges that plaintiff Diane, a pedestrian, was struck by two vehicles. One vehicle was owned by a co-defendant, Leon Schnur, and operated by Lillian Schnur. The other vehicle was owned by defendant Stuart (hereafter "owner") and operated by defendant Savage. Savage was driving with the owner's consent, but not as his agent. This accident occurred on March 29, 1969 in Cedar Grove, New Jersey.
Plaintiffs served the owner Stuart, but could not effect service upon the driver Savage, who apparently departed this State leaving no forwarding address. Plaintiffs' attorney *481 made an exhaustive but unsuccessful search to locate the driver.
The insurance carrier, Fidelity and Casualty Insurance Company, has entered an appearance for the owner, its named assured, and will eventually obtain a dismissal for lack of agency. The owner's policy, under the omnibus clause, extends coverage to the driver. However, the carrier does not appear for the driver, presumably for failure to effect service.
Therefore, to restate the issue, plaintiffs seek to serve the driver by way of substituted service by serving the owner's insurance company.
Plaintiffs urge as authority for the validity of such service the case of Rudikoff v. Byrne, 101 N.J. Super. 29 (Law Div. 1968). There the court allowed service of process on defendant pursuant to R.R. 4:4-4(j) and R.R. 4:4-5(a), the rationale of the holding being that although New Jersey did not expressly allow such service, the rules did permit service outside the State if such service were valid in that state. Service was made in New York State where such service is permitted. Dobkin v. Chapman; Sellars v. Raye and Keller v. Rappoport, 21 N.Y.2d 490, 289 N.Y.S.2d 161, 236 N.E.2d 451 (Ct. App. 1968). This was a tri-case decision treated in one opinion. Dobkin and Sellars were cases of uninsured drivers where service on the Motor Vehicle Accident Indemnification Corporation was sustained. Since Keller v. Rappoport involved service on defendant's insurance carrier, we shall hereafter refer to the decision only as Keller v. Rappoport.
Rudikoff v. Byrne, supra, clearly holds that service was allowed because New York law was followed. It also noted that at that time there was no precedent in New Jersey for such service.
It is true that no provision of our rules expressly permits service upon an insured by serving his insurance carrier, and there is no judicial precedent for it in our State. [101 N.J. Super., at 33]
*482 Whether Rudikoff v. Byrne, could be used as authority for granting plaintiff's motion is no longer important. It is recognized that there should be some provision in the rules to authorize this type of service. Carlin v. Schuler, 89 N.J. Super. 366 (Law Div. 1965). However, it is the opinion of the court that R. 4:4-4(i), effective September 8, 1969, does in fact authorize the court to allow service on the driver Savage by serving the owner's carrier if the court finds good cause. R. 4:4-4(i) reads:
If service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process of law.
The tentative draft comment under this provision indicates it is intended to fill the gap in the present rules by permitting the court to direct service to be made in a particular manner where service cannot be effected pursuant to the other provisions of this rule, so long as the order is consistent with due process of law. It further suggests that such a provision is significant in circumstances where usual modes of service are either impossible or unduly oppressive upon plaintiff or where the defendant successfully evades service of process.
The Court having authority to grant or deny plaintiff's motion, we proceed directly to the issue.
The first question to be resolved is the mandate of R. 4:4-4. By affidavit, plaintiffs' attorney stated that he had visited the address that Savage gave the police. The owner of the premises advised him that Savage had moved without leaving a forwarding address. The attorney also mailed registered letters to the same address, which were returned marked "moved" and "no return address." Therefore, R. 4:4-4(e), "Alternate Mode of Service," could not be used. The affidavit also states that defendant's mother resides at 7806 Charlesmont Road, Edgemere, Maryland, but certified letters sent to that address have been returned unclaimed. Therefore, R. 4:4-5(a) cannot be used. See Carlin v. Schuler, supra; Zander v. Martine, 66 N.J. Super. 310 *483 (Cty. Ct. 1961). Consequently, the only other mode of service would be that stated in R. 4:4-4(i).
The court now turns to the constitutional question of due process of law. In weighing the constitutional question, the court in Keller v. Rappoport, supra, held that due process is a matter of balancing several factors: (1) plaintiff's need, (2) the public interest, (3) the reasonableness of plaintiff's efforts to inform defendant, and (4) the availability of other safeguards for defendant's interest.
In Keller plaintiff, a New York resident, sued to recover for injuries sustained when his automobile collided with defendant's car. At that time defendant resided in Long Beach, Nassau County, New York. He moved from that place without leaving a forwarding address, and plaintiff was unable to serve him. Plaintiff was told that defendant had moved to California. Inquiry proved fruitless. Plaintiff then applied to the Supreme Court, Nassau County, for an ex parte order for substituted service under paragraph 4 of CPLR 308, which reads:
4. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraph one, two or three of this section.
That rule allowed the court discretion, providing it was exercised "consistent with due process of law." The court applied the four factors and concluded that the ex parte order should be granted. It must be pointed out that section 4 of CPLR 308 is relatively the same as R. 4:4-4(i) of the New Jersey rules. Applying to this case the four elements set forth in Keller v. Rappoport and cited in Rudikoff v. Byrne, the following consequences appear.
First, it is obvious that plaintiffs' cause of action would never be finally adjudicated if substituted service is not allowed. Plaintiffs cannot recover from the Unsatisfied Claim and Judgment Fund since the vehicle was insured. N.J.S.A. 39:6-70(f).
Second, the public interest is best protected by discouraging evasion of service, either deliberate or inadvertent. The *484 case of Carlin v. Schuler, supra, demonstrates a prime example of what the courts are attempting to avoid. In the instant case it is obvious that defendant is deliberately evading service. Savage has moved from the address given to the police at the time of the accident. A check of his Maryland driving record further reveals that he was driving while his license was suspended. A hearing was scheduled by the Maryland Department of Motor Vehicles, concerning his driving record. The hearing was canceled for failure to locate defendant. It is exactly this type of connivance and obstruction of justice which our Supreme Court is attempting to avoid by adding R. 4:4-4(i) to our rules of court.
The third element is the extent of inquiry by plaintiff to locate defendant. Plaintiffs' attorney by affidavit sets forth the various efforts made to locate defendant, including personal inquiry at his former New Jersey residence and at his last known place of employment here; registered letters addressed to his residence, which were returned marked moved leaving no forwarding address; inquiry of the New Jersey Motor Vehicle Department as well as the Motor Vehicle Department of Maryland (Maryland being his previous residence), and inquiry by the local police department to the Baltimore, Maryland, police department, which disclosed that Savage no longer lived at his mother's address there and also revealed that warrants were issued for his arrest on several motor vehicle violations in Maryland, among which was a charge for operating a motor vehicle without a license.
As to the fourth element, the safeguards for defendant, these are readily available to defendant himself. Anyone who drives a car knows that after such an occurrence he is likely to become a litigant. He can protect himself against the possibility of failing to receive actual notice by keeping his insurance carrier or state licensing agency informed as to his current residence.
*485 As stated in Keller v. Rappoport, supra, 289 N.Y.S.2d, at 173, 236 N.E.2d, at 459,
"Indeed, in an automobile case, no defendant need be without notice unless he chooses and wants to be."
The Court feels that under the circumstances of this case Savage has chosen to avoid service of process.
Our courts have not hesitated to approve publication where other service is not practical or possible. It has been recognized that in the case of persons missing or unknown, employment of indirect or even a probably futile means of notification is all that the situation permits and does not render the service unconstitutional. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
This would be especially true where it appears from the facts that a person is deliberately avoiding service. It is the finding of this court that the elements of due process have been met.
Turning to the carrier's contention that there was no contract between Savage and the carrier, the court is of the opinion that such an argument is without merit. The court may properly take account of the true objectives of these lawsuits in determining the reasonableness of the notice given defendants. Rappoport v. Keller, supra. In the present case the carrier admits a valid omnibus clause covered Savage. This insurance carrier knew, as does every carrier, that providing such coverage requires defense of such litigation. The carrier's duty is not singular in nature but is a dual obligation. The second part of this duty or obligation belongs to the person who has suffered injury at the hands of the assured. His injury is the same whether caused by the owner-insured or the omnibus-insured. The carrier has provided for omnibus protection and it has now been called upon to answer for such protection.
In Pieret v. Murray, 59 Misc.2d 201, 298 N.Y.S.2d 201 (Cty. Ct. 1969), plaintiff made application to have *486 defendant driver served by service upon plaintiff's insurance carrier, plaintiff being a passenger in her own automobile. The Court denied the application because plaintiff had not shown sufficiently that service under other methods was impracticable. But as to the nature of the relationship between plaintiff, defendant and carrier the court said:
In light of Dobkin v. Chapman, 21 N.Y.2d 490, 289 N.Y.S.2d 161, 236 N.E.2d 451, supra, it should not make any substantial difference in a situation like the one in the case at bar that service of process be made on the defendant herein by service on plaintiff's insurance carrier and also by mailing to defendant's last known address. Such mode of service would not violate the requirements of due process and would meet the standards set forth in the aforesaid Dobkin case. [298 N.Y.S.2d at 203]
For the reasons set forth above and under the authority of R. 4:4-4(i), plaintiff's motion for service upon Savage by substituted service on the insurance carrier of the owner is hereby granted.