108 N.J. Super. 525 (1970)
261 A.2d 726
ALICE LAST, PATTI LAST AN INFANT BY HER GUARDIAN AD LITEM, RAYMOND LAST AND RAYMOND LAST, INDIVIDUALLY, PLAINTIFFS,
v.
WILLIE BURNS AND LEWIS WASHINGTON, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 19, 1970.
Mr. Richard A. Lustgarten appeared for plaintiffs (Messrs. Cohn & Lifland, attorneys).
Mr. William J. Carey appeared for Unsatisfied Claim & Judgment Fund (Mr. Charles J. Kahwaty, attorney).
WOODS, J.P.C.D.C. (temporarily assigned).
Plaintiffs have made two previous unsuccessful similar motions, their purpose being to make substituted service upon the Unsatisfied Claim and Judgment Fund in lieu of service upon defendents personally.
*526 Plaintiffs rely on R. 4:4-4(e) and the recent case of Young v. Bunny Bazaar, Inc., 107 N.J. Super. 320 (Law Div. 1969). That rule permits substituted personal service providing there is due process of law, i.e. that notice of the action be reasonably calculated to reach defendant. Roth v. Jackson, 99 N.J. Super. 546 (App. Div. 1968), certif. den. 52 N.J. 161 (1968). Young permitted service on defendant insurance carrier as valid substituted service upon defendant. In the instant case plaintiffs are seeking to apply both R. 4:4-4(e) and the Young case, substituting the Fund for the insurance carrier.
Upon independent research this court has been unable to find statutory or case law to support that position.
There is no authority permitting the Fund to accept substituted personal service on a known but absent defendant. Defendants are known. The Fund is neither defendants' agent nor authorized by appointment or by law to accept service. There is no contractual relationship between defendants and the Fund, as there was between defendant and the insurance carrier in the Young case.
It is for the above reasons that this motion is hereby denied. Plaintiffs' remedies lie elsewhere.