164 N.J. Super. 219 (1978)
395 A.2d 1267
DONALD AUSTIN, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF MARY LOU AUSTIN, A MINOR, PLAINTIFFS-APPELLANTS,
v.
THEODORE T. MILLARD; ELLSWORTH R. HAVER; DOROTHY C. HAVER, AND JOHN DOE (NAME BEING FICTITIOUS  CORRECT NAME UNKNOWN), DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 28, 1978.
Decided December 11, 1978.
*220 Before Judges LYNCH and HORN.
Messrs. Levinson, Conover & Axelrod, attorneys for appellants (Mr. Robert D. Rosenwasser, of counsel and on the brief).
Mr. A. Herbert D'Amico, attorney for Allstate Insurance Company.
PER CURIAM.
The issue raised in this appeal is the propriety of the trial court's denial of plaintiffs'[1] application to serve one substantially unidentified as the driver of an automobile involved in a collision with a motorcycle by means of substituted service upon the liability carrier for the automobile.
*221 Certain pertinent facts are not in dispute. On August 21, 1977 the infant plaintiff, Mary Lou Austin, was a passenger on a motorcycle operated by Theodore T. Millard in Spring Lake, New Jersey. The motorcycle collided with an automobile which, according to the Spring Lake police, was being driven by Ellsworth R. Haver and owned by Haver's wife, Dorothy C. Haver.
On September 14, 1977 the instant suit was commenced by plaintiffs against Millard and the Havers for personal injuries and consequential damages allegedly sustained by plaintiffs. The answers to plaintiffs' interrogatories brought to plaintiffs' attention that Ellsworth R. Haver was contending that at the time of the accident his wife's automobile was being driven by one "Anatole" and Ellsworth was a passenger. With the answers to the interrogatories the Havers supplied a copy of a letter which Ellsworth wrote to the Manasquan Police Department (Manasquan is a municipality close by to Spring Lake), in which he recounted his version of the accident. In the letter he stated that Anatole was an automobile mechanic whom he had met through acquaintances shortly before the accident; that Anatole was driving the vehicle and Ellsworth was a passenger; that after the accident Anatole drove away, ostensibly to take the injured Ellsworth to a hospital, but instead of taking him to the hospital Anatole abandoned the car and Ellsworth at some distance from the accident scene, and that Ellsworth thereafter tried to find him on information that Anatole was from the Trenton area and was believed to work there for an automobile dealer. Ellsworth also stated that he did not know whether "Anatole" was the driver's first or last name.
On May 11, 1978 plaintiffs applied to the trial court for an order permitting them to amend their complaint to add "John Doe" as a party defendant and to authorize service of a summons and the amended complaint upon respondent in this appeal, Allstate Insurance Company (Allstate), which insured the Haver vehicle at the time of the accident. On May 11, 1978 the trial judge granted leave to plaintiffs to *222 name "John Doe" as an additional defendant, but without expressing any reasons for his action the judge denied leave to make substituted service on John Doe through service of process on Allstate. We granted leave to plaintiffs to appeal from that negative interlocutory order.
At the outset, it may be noted that neither Allstate nor plaintiffs appear to accept as fact that one other than Ellsworth was driving the automobile. Skepticism as to this fact is indicated in both briefs.
The controlling authority for decision of the issue before us is Feuchtbaum v. Constantini, 59 N.J. 167 (1971). There the court held that in an automobile collision case where the driver of a vehicle was a New Jersey resident who could not be found for the service of process upon him, such service could be made upon the automobile liability carrier (per R. 4:4-4[i]) without violating rules of due process. In arriving at this conclusion the court invoked a balancing test, weighing four factors: "the plaintiff's need, the public interest, the reasonableness of plaintiff's efforts under all the circumstances to inform the defendant, and the availability of other safeguards for the defendant's interests." 59 N.J. at 177, citing Dobkin v. Chapman, 21 N.Y.2d 490, 503, 289 N.Y.S.2d 161, 172, 236 N.E.2d 451, 458 (Ct. App. 1968) (a decision also involving substituted service in an automobile-accident case); R. 4:4-4(i). See also, Ledbetter v. Schnur, 107 N.J. Super. 479 (Law Div. 1969), cited with approval in Feuchtbaum, supra.
Allstate primarily argues that the trial court correctly denied plaintiffs' application, because the facts in the instant case fail to meet the Feuchtbaum balancing test. Allstate first reasons that plaintiffs' needs would not be furthered by allowing service on Allstate. It insists that the factfinder could only make one of two possible conclusions in this case: (1) Ellsworth R. Haver was the actual driver of the Havers' automobile at the time of the accident; (2) Anatole was the actual driver of the automobile at the time of the accident, but he was clearly acting as Ellsworth's agent, since *223 he was employed by Ellsworth. In either case, Allstate asserts, plaintiffs would be able to recover because of the car owner's insurance coverage.
However, Allstate does admit that the pleadings raise a question as to whether Ellsworth is an owner of the Haver automobile or whether Dorothy Haver is the sole owner. The question of ownership could be important in determining the insurance company's obligations under its contract.
More significantly, at the hearing on this motion before the trial judge, Allstate's counsel said its opposition to the motion for substituted service depended at least in part on Allstate's belief that it could escape liability for Anatole's actions.
Since there is a possibility that Anatole's conduct could relieve Allstate except under the omnibus clause, it would in fact serve plaintiffs to have Anatole represented at trial.
Allstate's second point under said balancing test is that the public interest would not be served by allowing service on it. However, Allstate admits that there is a strong public interest in seeing that plaintiffs are justly compensated. Moreover, Allstate's interests are to avoid payment to plaintiffs, whether by reason of its insureds' common-law defenses to the negligence asserted against them or by invoking contractual defenses existing under the terms of its policy. If the latter results, the Unsatisfied Claim and Judgment Fund may be compelled to make payment. Feuchtbaum, supra 59 N.J. at 178. Public interest under these circumstances certainly would be furthered by the presence of a representative of the actual driver of the automobile in the case.
Allstate raises a more cogent contention when it asserts that plaintiffs have not satisfied the third factor of the balancing test because they have not made reasonable efforts to locate Anatole or advise him of this suit. It insists that the letter from Ellsworth R. Haver to the Manasquan police provides plaintiffs with valuable "leads" to the identity of Anatole. That letter states that Ellsworth's neighbors told *224 him about Anatole; gave the general street location of Anatole's acquaintances where Anatole is apparently quite well known, and further indicates that Anatole is employed by a car dealership in the Trenton area.
We agree that plaintiffs have neither shown that they made any efforts to locate Anatole nor that such efforts would be futile or unproductive. Cf. Ledbetter v. Schnur, supra, and Young v. Bunny Bazaar, Inc., 107 N.J. Super. 320 (Law Div. 1969). We believe, however, that plaintiffs should be afforded the opportunity to secure the identity of said alleged driver.
Allstate raises as its final point under its due-process argument the contention that no adequate safeguards exists to protect the interests of Anatole. We disagree. We consider the fact that Anatole allegedly perpetrated a hit-and-run accident and then fled the Haver automobile leaving injured parties behind. Under such circumstances Anatole could be said to be reasonably apprised of the possibility of a lawsuit. As noted in Feuchtbaum, supra 59 N.J. at 178, "[I]n an automobile case, no defendant need be without notice unless he chooses and wants to be."
After plaintiffs make adequate efforts to locate Anatole, his due-process rights would not be infringed by service upon Allstate. As the court in Young v. Bunny Bazaar, Inc., supra, stated:
* * * Defendant knows of the accident, that people were injured, and that a claim may be made against him. He can keep in touch with either his insurance carrier or the injured victim in order to protect himself against not receiving actual notice. [107 N.J. Super. at 325]
Allstate finally argues that R. 4:26-4 does not permit the service of process upon an unknown person if there is no appropriate description sufficient to identify him. Apart from the fact that the trial judge has already authorized service upon "John Doe as party defendant operator of the Haver vehicle" and there has been no appeal from this *225 order, Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 116 (1973), holds to the contrary.
Accordingly, the order under appeal which denies to plaintiffs authorization to serve Anatole through substituted service upon Allstate is vacated. The cause is remanded to the trial court for the purpose of entering an order affording plaintiffs a reasonable time to locate said person in order to serve him personally, and, if said efforts reasonably made prove to be unsuccessful, to permit substituted service of him upon Allstate.
We do not retain jurisdiction.
NOTES
[1] Although in the complaint filed in the trial court the action is captioned for plaintiff as "Donald Austin, Individually and as guardian ad litem of Mary Lou Austin, a minor," the body of the complaint refers to each Donald Austin (father of Mary Lou) and Mary Lou Austin as plaintiffs. Plaintiffs' part of the caption should have read substantially: "Mary Lou Austin, a minor by her father and guardian ad litem Donald Austin and Donald Austin, individually." R. 4:26-2; Orr v. Orr, 36 N.J. 236, 238-239 (1961); Hare v. Pennell, 37 N.J. Super. 558 (App. Div. 1955); Gillette v. D., L. & W.R.R. Co., 91 N.J.L. 220 (E. & A. 1917); II ath v. Maddock, 8 N.J. Eq. 469 (Prerog. 1913), aff'd o.b. 82 N.J. Eq. 366 (E. & A. 1913).