**George F. POTEET, Appellant (Defendant Below),**

v.

**Monica BETHKE and Daniel Bethke, Appellees (Plaintiffs Below).**

No. 46A04–8608–CV–263.

Court of Appeals of Indiana, Fourth District.

May 18, 1987.

Fred M. Stults, Jr., Stults, Custer, Kutansky & McClean, Gary, David L. Zoss, Stults, Custer, Kutansky & McClean, Valparaiso, for appellant.

Donald E. Transki, Michigan City, for appellees.

YOUNG, Judge.

George Poteet appeals the partial denial of his "Motion to Vacate Default Judgment." The only issue presented by his appeal is whether the trial court abused its

discretion in not vacating the entire judgment on the basis that it was void for lack of personal jurisdiction. We reverse.

On February 28, 1984, an automobile accident occurred involving vehicles driven by George Poteet and Monica Bethke. Monica and her daughter sustained injuries as a result of the accident. At the time the accident occurred, Poteet was living at 306 Liberty Street in Westville, Indiana and he gave that address to the investigating officer.

Due to marital difficulties, Poteet moved in September of 1984 from the Liberty Street address to 111 South Porter Street in Michigan City, Indiana. He did, however, apparently receive a letter from the Bethkes' attorney which had been sent to the Liberty Street address in October of 1984.[1]

By December 13, 1984, Poteet's insurer, Metropolitan, apparently had reached a settlement with the Bethkes' as to Monica's claim and had sent a $50,000 draft and a "Release of All Claims" form to the Bethkes.[2] Although the Bethkes' cashed the draft, they failed to return the release form. On December 14, 1984, Poteet filed a form with the U.S. Post Office requesting that his address be changed from the Liberty Street address in Westville to the Porter Street address in Michigan City. Although Poteet still resides in Michigan City, he moved from the Porter Street address to 107 Nevada Street in March of 1985. He did not file a change of address request when he made this move.

On July 8, 1985, the Bethkes filed suit against Poteet. Service upon Poteet was made by sheriff who attached the summons and complaint to the door of 306 Liberty Street in Westville. A copy of the summons was sent to that same address by registered mail. Although Poteet's ex-wife, Jeanne Loane, had vacated the premises on July 1, 1985, she found the documents when she returned to prepare the house for sale. Not knowing what to do with the documents or where to locate Poteet, Loane placed the documents in her car until later in the summer when she happened to see a county police officer. Loane gave the documents to the officer who said that he would take care of the matter. On August 7, 1985, the Bethkes obtained a default judgment against Poteet in the amount of $1,000,000.

On or about August 10, 1985, Poteet's roommate at the Porter Street address received a copy of the summons and complaint.[3] He stated in an affidavit that he delivered them to Poteet the same day he received them. Poteet claims to have received the documents on August 11, 1985. On August 19, 1985, Poteet was contacted at his place of employment by Fred Stults who had been hired as Metropolitan's attorney on August 15, 1985. Stults had located Poteet through the Westville Post Office and Poteet's former Porter Street landlord. Stults filed a motion to vacate the default judgment on behalf of Poteet on September 9, 1985. Except as to the issue of damages, the motion was denied.

Poteet claims that because he was not properly served with notice of the suit, the judgment against him was void for lack of personal jurisdiction and the trial court should therefore have vacated the entire judgment. Where the trial court lacks personal jurisdiction, the judgment is void. *Smith v. Tisdal* (1985), Ind.App., 484 N.E.2d 42. A void judgment is of no force or effect, *Id.*, and must be set aside whether the party seeking relief does so by separate action or by a motion pursuant to Trial

---

**1.** It is unclear from the record how Poteet received this letter. Given that an apparent settlement was reached after the letter was received and that suit was not filed until approximately nine months later, we do not consider the fact that Poteet received the letter to be of importance in deciding the issue presented.

**2.** This release pertained only to Monica's and her husband's claims for Monica's injuries. The Bethkes and Metropolitan apparently had

agreed, however, on a $3,500.00 settlement as to the Bethkes' claim for injuries sustained by their daughter.

**3.** It is unclear from the record whether the complaint Poteet's roommate received was forwarded from Liberty Street or was delivered by a sheriff after Loane turned over the documents she found at that address.

Rule 60(B)(6). Harvey, 4 Indiana Practice 215 (1971). Therefore the only issue we must resolve is whether the service upon Poteet was insufficient to render him subject to the trial court's jurisdiction.

Service upon an individual may be made by leaving a copy of the summons and complaint at his dwelling house or usual place of abode. Ind. Rules of Procedure, Trial Rule 4.1(A)(3). The Bethkes rely upon *Grecco v. Campbell* (1979), 179 Ind. App. 530, 386 N.E.2d 960, for the proposition that 306 Liberty Street was Poteet's dwelling house or usual place of abode and therefore service upon him was properly made. As the court in *Grecco* noted, however, "[w]hat is or is not a party's 'dwelling house or usual place of abode' within the context of T.R. 4.1 is a question that must be determined on the particular facts of each case." *Id.* at 533, 386 N.E.2d at 962. The facts of this case are clearly distinguishable from those presented in *Grecco*.

In *Grecco*, the summons and complaint were left at a house owned by the defendant while the defendant was staying with relatives due to illness and marital problems. The defendant found the documents upon his return to the house. He had been absent for approximately a month. Default judgment was not entered until two weeks after the defendant had found the documents and sent them to his insurance company. In holding that the residence constituted the defendant's dwelling house or usual place of abode, the court specifically noted that the defendant was living in the house both prior to and after his problems and that he referred to his return as "returning home." *Id.*

■ In this case, Poteet had left the Liberty Street address approximately ten months before the summons and complaint were left there. Furthermore, Poteet's absence from that address was not temporary as was the case in *Grecco*. Poteet had left the address permanently. Under these facts, we cannot conclude that the Liberty

Street address was Poteet's dwelling house or usual place of abode. The service upon Poteet was therefore defective.

■ The Bethkes argue that even if the service was defective it should not be set aside because it was reasonably calculated to inform Poteet of the action being instituted against him. (Appellee's Brief, p. 6 *citing* Ind.Rules of Procedure, Trial Rule 4.15(F) [4]). They essentially base their argument on the fact their attorney sent a copy of the complaint to Poteet's insurer and therefore it was aware of the suit. Apparently, the Bethkes are contending that Metropolitan was Poteet's agent for service of process or that giving notice to a liability insurer is reasonably calculated to inform the defendant of the pending litigation. We find both contentions unpersuasive in this case.

In order for service to be based upon an agency relationship, the agent must have been designated to receive such service by or pursuant to a statute or a valid agreement. Ind.Rules of Procedure, Trial Rule 4.7. There is no evidence that such a designation existed in this case.

We have found no Indiana cases which address whether a plaintiff may serve a defendant's liability insurer absent a statutory or contractual designation of the insurer as the defendant's agent for the purpose of service of process. The cases from other jurisdictions which have addressed the issue have done so in terms of a specific procedural rule which gave the trial court the discretion to permit a method of service not provided by other rules. *Krueger v. Williams* (1981), 410 Mich. 144, 300 N.W.2d 910 (interpreting GCR 1963, 105.8); *Silvas v. Kelly* (1984), 136 Mich. App. 790, 357 N.W.2d 772 (interpreting GCR 1963, 105.8); *Feuchtbaum v. Constantini* (1971), 59 N.J. 167, 280 A.2d 161 (interpreting R. 4:4–4(i)); *Austin v. Millard* (1978), 164 N.J.Super. 219, 395 A.2d 1267 (interpreting R. 4:4–4(i)); *Ledbetter v. Schnur* (1969), 107 N.J.Super. 479, 259

---

**4.** This rule provides:

No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond.

A.2d 237 (interpreting R. 4:4–4(i)); *Young v. Bunny Bazaar, Inc.* (1969), 107 N.J.Super. 320, 258 A.2d 158 (interpreting R. 4:4–4(i)); *Rudikoff v. Byrne* (1968), 101 N.J.Super. 29, 242 A.2d 880 (interpreting R. 4:4–4(j) in conjunction with New York CPLR 308(4)); *Dobkin v. Chapman* (1968), 21 N.Y.2d 490, 289 N.Y.S.2d 161, 236 N.E.2d 451 (interpreting CPLR 308(4)); *Lerman v. Church* (N.Y.Supreme Ct.1967) 54 Misc.2d 402, 282 N.Y.S.2d 622 (interpreting CPLR 308(4)); *Pieret v. Murray* (1969), 59 Misc.2d 201, 298 N.Y.S.2d 201 (interpreting CPLR 308(4)).

Indiana has a rule similar to those addressed in the aforementioned cases. This rule provides:

> Upon application of any party the court in which any action is pending may make an appropriate order for service in a manner not provided by these rules when such rule is reasonably calculated to give the defendant actual knowledge of the proceedings and an opportunity to be heard.

Ind.Rules of Procedure, Trial Rule 4.14(B). The Bethkes, however, did not apply for a court order permitting them to serve Poteet's insurer. Furthermore, an order permitting such service would have been inappropriate in this case.

In determining whether service may be made upon the defendant's insurer, courts generally have considered four factors: 1) the plaintiff's need, 2) the public interest, 3) the reasonableness of the plaintiff's efforts to inform the defendant, and 4) the availability of adequate safeguards for the defendant. *See e.g. Krueger v. Williams* (1981), 410 Mich. 144, 300 N.W.2d 910; *Feuchtbaum v. Constantini* (1971), 59 N.J. 167, 280 A.2d 161; *Dobkin v. Chapman* (1968), 21 N.Y.2d 490, 289 N.Y.S.2d 161, 236 N.E.2d 451. The plaintiff's need has been found to be apparent from the widespread potential for damage by motorists which exists due to our mobile population. *Dobkin v. Chapman* (1968), 21 N.Y.2d 490, 289 N.Y.S.2d 161, 169, 236 N.E.2d 451, 459. The public interest generally has been evidenced by proof of financial responsibility requirements, state recovery funds and provisions for service upon non-resident motorists. *Id. but see Ledbetter v. Schnur* (1969), 107 N.J.Super. 479, 259 A.2d 237 (public interest is best protected by discouraging the deliberate or inadvertent evasion of service). Adequate safeguards for the defendant's interests have been found to be available to the defendant by his ability to leave a forwarding address with the postal authorities, the police, his employer, his insurer or the plaintiff, *Feuchtbaum v. Constantini* (1971), 59 N.J. 167, 280 A.2d 161, and a requirement that motorists inform the state licensing agency of any change in address. *Dobkin v. Chapman* (1968), 21 N.Y.2d 490, 289 N.Y.S.2d 161, 236 N.E.2d 451. The New Jersey Supreme Court, however, has noted that the opportunity for relief from judgment is an available safeguard for the defendant's interest. *Feuchtbaum v. Constantini* (1971), 59 N.J. 167, 280 A.2d 161. In all of the cases which have discussed the issue, the issue was determined on the basis of the reasonableness of the plaintiff's efforts to inform the defendant.

Where the court has held that service upon the defendant's insurer was proper, it was apparent that the plaintiff had undergone extensive efforts to inform the defendant. *Krueger v. Williams* (1981), 410 Mich. 144, 300 N.W.2d 910 (the plaintiff made diligent efforts to locate the defendant by hiring investigators who checked various locations); *Feuchtbaum v. Constantini* (1971), 59 N.J. 167, 280 A.2d 161 (the plaintiff apparently tried to locate the defendant through postal authorities, the police, the defendant's employer, and the defendant's insurer); *Ledbetter v. Schnur* (1969), 107 N.J.Super. 479, 259 A.2d 237 (the plaintiff made inquiries at the defendant's former New Jersey address, sent letters to that address which were returned marked "moved leaving no forwarding address," made inquiries at the defendant's last known place of employment, the New Jersey Department of Motor Vehicles, the Maryland Department of Motor Vehicles and the Maryland police); *Young v. Bunny Bazaar, Inc.* (1969), 107 N.J.Super. 320, 258 A.2d 158 (the plaintiff made "numerous attempts" to locate defendant); *Rudikoff v. Byrne* (1968), 101 N.J.Super. 29, 242

A.2d 880 (the plaintiff made "diligent inquiry" which apparently included inquiry with New York authorities of which the defendant was legally obligated to inform of a change in his address); *Dobkin v. Chapman* (1968), 21 N.Y.2d 490, 289 N.Y. S.2d 161, 236 N.E.2d 451 (the plaintiff inquired about the defendant's whereabouts with the defendant's former neighbors, former employer, the New York Bureau of Motor Vehicles and the defendant's insurer. The plaintiff also sent mail to the defendant's new residence in California which was returned marked "Moved—Left No Address." "Further attempts" were also unsuccessful); *Lerman v. Church* (N.Y.Sup.Ct.1967), 54 Misc.2d 402, 282 N.Y. S.2d 622 ("efforts at personal service upon the defendant at last known address were futile," the process server was informed that the defendant had moved leaving no forwarding address despite the fact that the owner of automobile in which the plaintiff was a passenger had managed to serve the defendant on an earlier occasion).

Further, the cases which have held that an order allowing such service was improper have done so on the basis that the plaintiff failed to show he made reasonable efforts to locate the defendant. *Silvas v. Kelly* (1984), 136 Mich.App. 790, 357 N.W.2d 772 (case remanded for determination of whether the affidavit of the plaintiff's investigator stated a sufficient factual foundation for obtaining the order despite the appellate court noting that extensive investigation apparently had taken place); *Austin v. Millard* (1978), 164 N.J. Super. 219, 395 A.2d 1267 (the plaintiffs failed to show they made any efforts to locate defendant or that such efforts would be futile); *Pieret v. Murray* (1969), 208 Misc.2d 201, 298 N.Y.S.2d 201 (the plaintiff failed to show that service as provided by rules was impracticable; the court would grant order with the following information: affidavit by the plaintiff stating how long she knew the defendant and whether she ever knew where he worked; affidavit by the process server setting forth the names and addresses of the defendant's neighbors

to whom he had spoken; a copy of the police blotter; copy of envelope returned by the post office stating that the defendant had moved and left no forwarding address; a letter from the motor vehicle department indicating whether their records showed the defendant had a driver's license and if so, under what address; a statement by the plaintiff's attorneys as to what they did to obtain information arising out of the deposition by the criminal court as to the issuance of a summons by the police to the defendant for operating a vehicle without a license).

■ In this case, the Bethkes would not have been entitled to an order permitting them to serve Poteet's insurer even if they had applied for one under T.R. 4.14. The evidence shows that they made only one attempt to serve Poteet and fails to disclose any inquiries of Poteet's former neighbors, the postal authorities, or the motor vehicle department as to Poteet's current residence. While the Bethkes argue that Poteet would have received notice had he not violated federal regulations by failing to leave a change of address request with the postal authorities upon moving from Porter Street to Nevada Street, we find the argument unpersuasive. The Bethkes provide no authority for the proposition that citizens are required to inform postal authorities of a change of address. Rather, they merely cite to a Postal Bulletin which informs post office employees of how such requests are to be handled.

Although one court has noted that it is not unfair to allow service on the insurer because a defendant can avoid not receiving personal notice by keeping the state licensing agency, his insurer or the other party informed of his address, the court also noted that these things should be done until the defendant is reasonably assured that no claim will be asserted against him. *Dobkin v. Chapman* (1968), 21 N.Y.2d 490, 289 N.Y.S.2d 161, 169, 236 N.E.2d 451, 459. In this case, Poteet was reasonably assured that a claim by the Bethkes would not be asserted against him for Monica's injuries.[5]

5. Even though the Bethkes' claim for their

daughter's injuries had not been formally set-

Seven months prior to the suit, the Bethkes had cashed a $50,000 insurance draft which stated it was "final payment for claims arising from [the] accident on 2/28/84." Under these circumstances, it would have been unfair to permit the Bethkes to serve Metropolitan under T.R. 4.14.

The Bethkes failed to properly serve Poteet with the summons and complaint. The Liberty Street address was not Poteet's "dwelling house or usual place of abode" for the purpose of service under T.R. 4.1(A)(3). Metropolitan was not Poteet's agent for service under T.R. 4.7. The Bethkes did not request nor would they have been entitled to a court order allowing them to serve Metropolitan under T.R. 4.14. As service upon Poteet was never properly effected, the trial court lacked personal jurisdiction of Poteet and therefore its default judgment was void. Where the judgment is void, the court must grant relief from it under T.R. 60(B)(6). The trial court therefore erred in granting relief only as to damages.

Reversed and remanded with instructions to grant relief from the judgment in its entirety.

RATLIFF, C.J., and CONOVER, P.J., concur.

tled, a figure was apparently agreed upon. Poteet therefore could have been reasonably assured that the entire matter had been taken care of and that no claim would be asserted against him.